BEATTIE v. LATIMER.

1. SERVICE—APPEAL—EXCEPTIONS.—*It seems* that parties would have no standing in a court on appeal to raise the question that a judgment was improperly rendered against them, as they had never been made parties; and, further, when the amended summons having been served on counsel for these defendants, they made motion to set aside the service of the amended summons, and appeared to object to the order appealed from. But such questions not determined, as they were not made grounds of exception.

2. DECREE BETWEEN CODEFENDANTS.—The court may adjudicate the rights of codefendants as between themselves, under the pleadings and evidence, where the rights of the plaintiff are not prejudiced; as, in this case, where

the right of one defendant was alleged in his answer, which was served on his codefendants, and the plaintiff made no objection to the decree.

3. JUDGMENT DE BONIS PROPRIIS—RELEASE.—Decree modified by relieving defendants from an individual judgment for the debt of their testator, where they had, by agreement, been specially relieved from any responsibility for this debt.

Before NORTON, J., Greenville, August, 1893.

Action by Hamlin Beattie against Joseph P. Latimer and John H. Latimer, as executors of Hewlett Sullivan, deceased, and Irvine & Mooney, commenced March 16, 1893.

*Messrs. Joseph A. McCollough* and *Julius H. Heyward,* for appellants.

*Mr. John R. Bellinger,* for Irvine & Mooney.

September 12, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The plaintiff brought this action to recover the amount due on a promissory note for $1,000, payable one day after date, bearing date the 22d of March, 1887, and signed by Irvine & Mooney and by Hewlett Sullivan. It appears that in the title of the summons, as well as in the complaint, the word "as" was omitted in designating the defendants, Joseph P. and J. H. Latimer, who are simply designated "executors of the will of Hewlett Sullivan, deceased." These defendants, through their attorneys, on the 4th of April, 1893, filed a demurrer in writing, on the ground that the complaint does not state facts sufficient to constitute a cause of action against said defendants, based, as we presume, upon the omission of the word "as," and on the same day on which the demurrer was served, the plaintiff, before any action was taken by the court upon said demurrer (indeed, so far as appears, no such action was ever taken), "served upon the Latimers and upon W. H. Irvine and J. A. Mooney," the persons composing the firm of the other defendants, Irvine & Mooney, an amended complaint, supplying the omission of the word "as" in the title of the original complaint, service of a copy of which amended complaint was duly acknowledged by the at-

torneys for the Latimers, and by Messrs. Irvine and Mooney individually.

On the 24th of April, 1893, the attorneys for the Latimers served a notice on the plaintiff of a motion to set aside the amended complaint, "upon the ground that said amended complaint is at variance with the summons, and irregular;" but, so far as appears, no further action was taken under said notice. On the same day of the service of said notice, to wit: on the 24th April, 1893, the plaintiff served a note on the attorneys for the Latimers, of a motion to amend the summons by supplying the omission of the word "as" in the title of that paper. At the time appointed for the hearing of this last mentioned motion, "the Latimers put in no appearance," and his honor, Judge Norton, granted an order, reciting that no one appeared to oppose the motion, for the amendment of the original summons by supplying the omission of the word "as," and further ordering, "that the plaintiff serve forthwith two copies of said summons so amended, upon defendant's counsel, and that they have twenty days thereafter for serving their answer thereto." Thereupon, a copy of the summons as amended was served on one of the attorneys for the Latimers, who accepted service in the following words: "Due and legal personal service of a copy of each of the amended summons, and of the order of amendment of Judge Norton, dated May 2d, 1893, is hereby acknowledged at Greenville, S. C., May 4th, 1893, without prejudice."

In the meantime the answer of Irvine & Mooney was filed, "a copy of which was served upon each of the appellants within twenty days after the service of the summons," in which, while not contesting the right of the plaintiff to recover, they set up an agreement in writing, signed by the Latimers, as executors of Hewlett Sullivan, under seal, whereby for value received they "agree to assume and have assumed all liabilities on the $1,000 note, which constitutes the basis of the plaintiff's action; and on the same day, to wit: 1st June, 1889, the said Irvine & Mooney signed an agreement in writing, "that we will under no circumstances hold J. P. Latimer and John H. Latimer responsible individually by virtue of any liability assumed by them as executors of the will of Hewlett Sullivan,"

upon the note above referred to.   And these defendants claim "that, under the facts and circumstances above set forth, the plaintiff should be required to obtain his judgment against the estate of Hewlett Sullivan, and· to exhaust his remedy against said estate, before interfering in any manner with the property of said Irvine & Mooney.   They further allege that the estate of Hewlett Sullivan is solvent at this time."

No answer having been filed by the Latimers, either individually or as executors, the case was placed on Calendar 3, as against them, and on the 26th of July, 1893, judgment was rendered against them, as executors of the will of Hewlett Sullivan, in favor of the plaintiff, for the amount of the note and costs, and the same was directed to be levied of the property of the said defendants, in case the same cannot be made from the property of said Hewlett Sullivan.   The case as to the other defendants, Irvine & Mooney, who had answered, was docketed on Calendar 1, and upon the call of the cause, the plaintiff interposed an oral demurrer to the answer of Irvine & Mooney upon the ground that it did not state facts sufficient to constitute a defence to plaintiff's cause of action; and although the judge stated that he would sustain the demurrer, it does not appear that any formal order was granted, or any formal judgment rendered to that effect.   "Thereupon the attorneys for Irvine & Moony moved the court that he would, in passing the order sustaining the demurrer and allowing the plaintiff to take judgment against Irvine & Moonev, adjudicate the rights of the defendants as among themselves; that the answer of Irvine & Mooney raised an equitable issue between themselves and the executors.   Plaintiff's attorney stated that he did not move for such an order, but that he had no objection to the court deciding it, provided it did not prejudice his rights. The attorneys for the Latimers, who were present in court, announced that they objected to such an order; that they appeared specially for the purpose of entering their objection, that they did not appear generally.   The agreement and receipt set up in the answer of Irvine & Mooney was neither formally admitted nor denied by appellants."

The Circuit Judge reserved his decision, and thereafter filed

the following order (omitting the caption and title of the case): "The defendants, Irvine & Mooney, making no defence as against the plaintiff, but setting up agreement between them and their codefendants, by which their said codefendants assume the payment of the note sued on, and asking judgment that the equities between the parties be enforced, and the said codefendants not having answered, and judgment having been taken against them by default in favor of plaintiff, and they having been served with copies of the answer of said Irvine & Mooney, and not having themselves answered, their counsel stating in open court that they appeared solely for the purpose of opposing this order, it is ordered, that the plaintiff have judgment against the said W. H. Irvine and J. A. Mooney, as copartners as aforesaid, for sixteen hundred and thirty-six and ten one-hundredths dollars; but this judgment shall not be enforced until after the expiration of ninety days from the entry thereof. If, within that time, the judgment against the said J. P. and J. H. Latimer, as executors as aforesaid, hereinbefore referred to, shall be paid, then the judgment against the said Irvine & Mooney shall be satisfied; otherwise the plaintiff may then proceed to enforce the same by execution, or as he may be advised. It is further ordered, that the said Irvine & Mooney have judgment and execution against the said Latimers, as executors as aforesaid, for such sum as they may be compelled to pay in this action, to be levied of their individual property if not realized from the property of their testator, and that for such sum they be subrogated to the rights of the plaintiff under the judgment against them heretofore granted and hereinbefore mentioned. August 4th, 1893."

From this order the Latimers, by their attorneys, gave due notice to the plaintiff's attorneys and to Messrs. W. H. Irvine and J. A. Mooney of their intention to appeal, and for this purpose served the following exceptions: 1. His honor erred in requiring the plaintiff to exhaust J. P. Latimer and John H. Latimer, as executors, before issuing execution against the defendants, Irvine & Mooney. 2. In ordering that the said Irvine & Mooney have judgment against the said Latimers, as executors, for such sum as they may be compelled to pay in this

action. 3. In ordering that said judgment and execution be levied of the individual property of the said Joseph P. Latimer and John H. Latimer, if not realized from the property of their testator. 4. In ordering that the said Irvine & Mooney be subrogated to the rights of the plaintiff herein, under the judgment heretofore granted, for such sum as they might be compelled to pay the said plaintiff in the said action.

We have been thus particular to set out fully the proceedings in the court below, because, as it strikes us, the case as presented here exhibits some peculiar features. In the first place, it does not appear that there was any exception to, or appeal from, the judgment rendered on the 26th of July, 1893, in favor of the plaintiff against "the defendants, J. P. Latimer and J. H. Latimer, as executors of the will of Hewlett Sullivan, deceased," and, therefore, that judgment stands unimpeached, and we are precluded from any inquiry into the validity of that judgment. The appeal is only from the order or judgment of 4th of August, 1893, and the exceptions only impute errors to that order or judgment; and to that only must we confine our decision.

It is true, that in the argument here, counsel for appellants have undertaken to raise a question which is not raised or even alluded to in any of the exceptions, as to whether the appellants, as executors of the will of Hewlett Sullivan, were ever properly made parties defendant to this action; but if this be so, it is somewhat difficult to understand how the appellants can have any standing in this court. If the court never acquired jurisdiction of these appellants, no order made or judgment rendered in the case could affect their rights or interests; and it is not easy to perceive how they could appeal from an order or judgment which could in no way affect them. The point seems to be, that although these appellants were properly made parties, in their individual capacity, yet when the form of the summons and complaint were so changed as to make it an action against them in their representative capacity, they should have been personally served with copies of the amended summons and complaint, and that the acceptance of service by their counsel was not sufficient to bring them before

the court in their representative capacity. Granting this to be so, though we do not deem it necessary, under the view which we take of this appeal, either to affirm or deny the proposition, as it may be that, after the appellants had been properly served with the original summons and complaint, service of amendments thereto upon their counsel would be sufficient; yet when the appellants, by their counsel, who had accepted service for them of the amended papers, gave notice of a motion to set aside the amended complaint, and when such counsel appeared specially for the purpose of entering their objection to the order appealed from, which involved the merits, notwithstanding their statement that they did not appear generally, we are very much inclined to think it amounted to a voluntary appearance. For it will be observed that the appearance was not for the purpose of making a preliminary motion preceding the hearing of the case, such as a motion to set aside an alleged service, or to dismiss the action for want of jurisdiction, but was an appearance for the purpose of contesting the merits, which could only be done under a general appearance. But waiving all this, inasmuch as the question of proper service is not presented by any one of the exceptions for the purpose of this appeal, we will proceed to the consideration of the questions presented by the exceptions.

The first, second, and fourth exceptions make, substantially, the question whether there was any error on the part of the Circuit Judge in undertaking to adjudicate the rights of the defendants, as between themselves, in this action.

Section 296 of the Code provides that: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may determine the ultimate rights of the parties on each side, as between themselves. 2. And it may grant the defendant any affirmative relief to which he may be entitled." Under this section we see no reason why the court, having all the parties before it, may not proceed to adjudicate the rights of one codefendant against his codefendants, provided the same can be done without prejudice to the rights of the plaintiff, and provided the pleadings and evidence furnish a proper basis for

such adjudication. Such seems to be the construction adopted by the New York Courts, as shown by the authorities cited by respondent's counsel in his argument. And such seems to be in accordance with the rule prevailing in the old Court of Equity in this State. See *Motte* v. *Schult*, 1 Hill Ch., 140, and *Moss* v. *Bratton*, 5 Rich. Eq., 1. Here defendants, Irvine & Mooney, by their answer, a copy of which was served on appellants, while not contesting the claim of plaintiff, set up an agreement under seal, for a valuable consideration, by the appellants to assume all liability on the note sued upon to the relief of said Irvine & Mooney, and this claim not being denied, entitled the defendants, Irvine & Mooney, to the relief asked for by them against their codefendants, the appellants, provided the same could be accorded without prejudice to the plaintiff, whose rights seem to have been carefully guarded, and who, therefore, interposed no objection to the order appealed from. We do not think that these exceptions can be sustained.

The third exception, however, imputes error to the Circuit Judge in directing that the judgment and execution rendered in favor of Irvine & Mooney against the Latimers should be levied of the individual property of the said Joseph P. Latimer and John H. Latimer, if not realized from the property of their testator. This exception must be sustained, because so much of the order appealed from as authorizes the judgment in favor of Irvine & Mooney against the Latimers, to be levied of their individual property, is in violation of the express terms of the agreement signed by said Irvine & Mooney, as the consideration upon which the Latimers assumed all liability on the note to the plaintiff. The order or judgment appealed from must, therefore, be modified accordingly.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, except in so far as modified by the view taken of the third exception.