6841

HOWELL v. ATLANTIC COAST LINE R. R. CO.

SETTING ASIDE SERVICE OF SUMMONS.—One served with a summons as agent of several railroads, but who is not a party to the action, can not make a motion to set aside the service as to either.

Before WATTS, J., Colleton, April, 1907.    Affirmed.

Motion by A. S. Morrall in case of Mittie H. Howell as executrix and M. P. Howard as executor of the will of M. P. Howell, Sr., against Atlantic Coast Line Railroad Co., Charleston & Savannah Railroad Co., Green Pond, Walterboro & Branchville Railroad Co., and Savannah, Florida & Western Railroad Co. From order refusing motion, Morrall appeals.

*Mr. Simeon Hyde,* for appellant, cites: *The three last named companies do not now exist:* 205 U. S., 236; 151 U. S., 673; 124 F. R., 358; 104 F. R., 677; 30 Penn., 42; Field on Corp., 461; 60 L. R. A., 33; 29 Gratt., 773.

*Mr. W. B. Gruber,* contra, cites: *One not a party has no right to make this motion:* 17 S. C., 116; 42 S. C., 318. *Have three last named corporations ceased to exist:* 31 L. R. A., 706; Code 1902, 1866; Acts 1902, 1054; 19 Ency. P & P., 659; 51 S. C., 129.

April 2, 1908.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an action for damages against the defendant for causing the death of M. P. Howell, Sr., on the 8th day of May, 1906.

Copies of the summons and complaint were served on A. S. Morrall as agent of the defendants, whereupon he made a motion before his Honor, Judge Watts, to set

aside the service as to all the defendants, except the Atlantic Coast Line Railroad Company, on the ground that he was not the agent of said defendants, and that they had ceased to exist.

The motion was refused on the ground that A. S. Morrall was not a party to the action.

The order of the Circuit Judge is sustained by the case of *Copeland* v. *Ins. Co.,* 17 S. C., 116. See also *Beattie* v. *Latimer,* 42 S. C., 552; 20 S. E., 53.

It is the judgment of this Court that the order of the Circuit Court be affirmed.

*Remittitur in this case has been stayed for purpose of permitting appellant to apply for writ of error to United States Supreme Court.*