8630

## GIBSON v. BETHEA.

1. FORECLOSURE—JUDGMENTS.—Where in a foreclosure one defendant seeks to foreclose his mortgage against his codefendant the note secured thereby not then being due without serving his answer upon his codefendant, upon the usual allegations in the complaint that such defendant claims some interest by mortgage, it is proper to open the judgment and permit the mortgagor to answer and defend.

2. IBID.—ATTORNEY'S FEES.—In such case attorney's fee for defendant mortgagee should not be adjudged.

Before SHIPP, J., Marion, September, 1912. Affirmed.

Action by Rebecca A. Gibson, guardian, against Florence A. Bethea *et al.* Defendant, Bank of Marion, appeals from the following Circuit order:

"The defendant, Florence A. Bethea, moved before me at my chambers at Florence, South Carolina, on the 27th day of June, A. D. 1912, to vacate and set aside the judgment in the above stated case and to require her codefendant, the Bank of Marion, to serve its answer upon her and to permit her, the said Florence A. Bethea, to answer the same. This motion was resisted by the Bank of Marion and the affidavits submitted in support of and against the motion are irreconcilable. It appears, however, that judgment was rendered in favor of the Bank of Marion against its codefendant, Florence A. Bethea, for the foreclosure of a mortgage given to secure a promissory note which was not then due, and that the judgment included attorney's fees for the foreclosure of said mortgage. It appears also that the answer of the Bank of Marion was not served upon its codefendant, Florence A. Bethea, and it is probable that if it had been so served, she would at least have resisted the demand for attorney's fees, to which the bank was not then entitled. Without deciding the issues raised by said affidavits, I am clearly of the opinion that the defendant, Florence A.

Bethea, is entitled to her day in Court and to be permitted to answer the cross-answer of her codefendant, the Bank of Marion, as she may be advised. The judgment should remain undisturbed except in so far as it relates to the note and mortgage from the defendant, Florence A. Bethea, and . her husband, P. Y. Bethea, to her codefendant, the Bank of Marion. * * *"

*Mr. L. D. Lide,* for appellant, cites: *Should defendant mortgagor have been served with appellant's answer?* 83 S. C. 491; 71 S. C. 439; 55 S. C. 510; 47 S. C. 460; 68 L. R. A. 323; Wiltsie on Foreclosure 451; 24 S. C. 48. *Attorney's fees:* 33 S. C. 283; 77 S. C. 223. *Judgment may be opened, but not set aside unless void:* 90 S. C. 552.

*Messrs. James R. Coggeshall, Geo. E. Dargan* and *B. Wofford Wait,* for defendant, mortgagor, contra, cite: *Was judgment within the scope of the complaints?* 47 S. C. 460; 83 S. C. 491. *Is section 225 of Code of Proc. applicable?* 82 S. C. 505; 81 S. C. 288. *Order affects surplus only and is in furtherance of justice:* 56 S. C. 21·; 64 S. C. 343; 82 S. C. 505.

July 30, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. The following statement of facts appears in the "Case."

"This action was brought by the plaintiff to foreclose a mortgage given to her by the defendant, Florence A. Bethea. Bank of Marion was made a party defendant, because it held two mortgages on the premises given by this codefendant, Florence A. Bethea. One of these mortgages had been given to Atlantic National Bank, and subsequently was assigned to Bank of Marion, and there is no controversey as to this mortgage. On April 10, 1911, a decree for foreclosure was granted. On December 27, 1911, notice was

given by Florence A. Bethea, through her attorneys, that she would move on the first day of the next term of the Court of Common Pleas for Marion county to vacate and set aside the said decree, and that she would move on January 4, 1912, for an order staying the proceedings until the motion to vacate the judgment could be heard. Judge Shipp granted an order staying the proceedings, and the motion to vacate the judgment was to have been heard at the next term of Court, but by agreement of counsel, it was taken up at chambers on June 27, 1912. On September 27, 1912, Judge Shipp passed an order adjudging that the decree herein, in so far as it relates to the note and mortgage made by Florence A. Bethea and her husband, P. Y. Bethea, to Bank of Marion be vacated and set aside, and that Bank of Marion be required to serve upon the said Florence A. Bethea its answer in this case. Bank of Marion gave due notice of appeal from this order, and the case comes before this Court upon the exceptions set forth in the record."

The defendant, Bank of Marion, did not serve its answer on its codefendant, Mrs. Bethea, although its answer asked for the foreclosure of its two mortgages. Mrs. Bethea admits the plaintiff's mortgage and one of the defendant's mortgages, but denies the other. Judge Shipp opened the default as to the disputed mortgages. From this order Bank of Marion appealed.

It will not be necessary to consider the exceptions separately. They all question the right of the Judge to open the default and modify the judgment and are all overruled. It was a matter of discretion, and Judge Shipp made a wise use of his discretion. It appeared from the showing made before him that there was a real issue between Mrs. Bethea and Bank of Marion. It was not his province to determine the facts upon the showing, but to determine whether there was a real controversy or not, and whether she had had "her day in Court." He found that

there was a controversy. This is indisputable. He found that she has not had her day in Court. She has not.

It is said that defendants are not required to serve their answer on their codefendants when the relief granted arises out of the facts alleged in the complaint. That is true, but when they have an answer in which affirmative relief is asked against the codefendant and do not serve the answer on the defendant, they are liable to have the judgment set aside.

Having held that the order was within the discretion of the Circuit Judge, and that there was no abuse of discretion, no other question arises except to say that he was also right in holding that the attorney's fee was not due at the time of the order. The recent case, *Coley* v. *Coley*, 94 S. C. 383, shows that an attorney's fee of ten per cent. is not a matter of course, even though provided for in the note and mortgage.

The order appealed from is affirmed.

MR. JUSTICE HYDRICK. The rule in equity is that the Court can adjust equities between defendants, when they arise out of allegations in the complaint, supported by proof. But when one defendant seeks affirmative relief against another, which does not so arise, he must serve a cross-answer, stating the facts out of which the relief which he prays for arises.

The complaint alleges that Bank of Marion "claims a lien upon said premises prior to plaintiff's lien, by virtue of certain mortgages on said premises, one of which said mortgages * * * was assigned and transferred to Bank of Marion by the Atlantic National Bank."

This sufficiently alleges that said bank held at least two mortgages over the premises to warrant the Court in giving judgment thereon in the absence of any defense. Parties should not be allowed to trifle with the Court by fail-

ing to answer and defend under such an allegation, and, when judgment is given against them, seek to set it aside.

I concur in affirming the order appealed from, because this motion was based upon other grounds which warranted the Court in guarding it.