## Hollowell v. Exall & Company, et al.

(Decided January 26, 1917.)

### Appeal from Caldwell Circuit Court.

Liens—Action to Enforce Execution Lien—Mortgages.—In an action by execution creditors to enforce execution liens upon a tract of land, one holding a mortgage on the land, executed prior to the levy of the executions, which is not attacked by the plaintiffs on the ground of fraud or preference, but on the ground that, by mistake, it was given to secure a larger debt than was due the mortgagee; and it was shown by uncontradicted evidence to have been executed by the mortgagor to secure a loan of the full amount named therein made to him by the mortgagee: Held, that

the circuit court erred in not adjudging to the mortgagee a prior lien on the land for the full amount of the debt stated in the mortgage.

R. W. LISANBY and C. A. PEPPER for appellant.

S. D. HODGE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Reversing.

The appellees, Joe K. Exall & Co. and the Woldeck Packing Co., having obtained judgments against B. F. Jennings in the Caldwell Quarterly Court, the former for $85.00, with interest and costs, and the latter for $55.73, with interest and costs, caused executions to issue thereon, respectively, which were returned "no property found." Thereafter appellees filed in the office of the clerk of the Caldwell Circuit Court transcripts of their respective judgments, executions and returns, and caused him to issue thereon against Jennings executions for the amounts, respectively, of their judgments, interest and costs, which were directed to and placed in the hands of the sheriff of Caldwell county, who levied them upon a lot in the city of Princeton, of little value, and a 150-acre tract of land in Caldwell county owned by Jennings, subject to a vendor's lien on the land in favor of M. P. Smith, and a mortgage lien thereon, amount unnamed, in favor of the appellant, J. W. Hollowell. Shortly thereafter the appellees brought this action in equity in the Caldwell Circuit Court, against B. F. Jennings, M. P. Smith and the appellant, J. W. Hollowell, setting up their judgments, the levy of their executions, respectively, upon the 150 acres of land, and asserting liens thereon, subject to the vendor's lien of Smith and the mortgage lien of Hollowell; conceding, however, that the lien of the former was for a note of $500.00, but alleging that the mortgage lien of the latter was to secure a debt of $200.00; that although the mortgage giving the lien purported to have been given to Hollowell by Jennings and wife to indemnify him against loss as surety for the former on a note of $1,225.00 due the Farmers National Bank of Princeton, the only consideration for the mortgage was a loan of $200.00 made Jennings by the appellant, Hollowell; and that by mistake of the draftsman of the mortgage it was made to recite that it was given to indemnify Hollowell against loss as Jennings'

surety on a note to the Farmers National Bank of $1,225.00, when in fact Jennings and Hollowell had never executed a note for that or any other amount to the bank. The prayer of the petition asked judgment enforcing their execution liens, respectively, by a sale of the 150-acre tract of land in satisfaction thereof, subject to the lien of Smith for $500.00 and that of Hollowell for $200.00.

The appellant, Hollowell, and Jennings by answer traversed the averments of the petition, and alleged that at the time of the execution of the mortgage on the land by Jennings and wife to Hollowell, he had agreed to become the surety of Jennings on a note of $1,225.00, to be executed to the Farmers National Bank, which sum the bank had agreed to lend him; and that the mortgage was given to indemnify Hollowell against loss as surety on such note, but that in order to obtain the bank's consent to the loan, Hollowell was required to promise its president that he would pay or take up the note of Jennings whenever demanded by the bank, even before its maturity; and that when, after writing the note and mortgage, Jennings and Hollowell went to the bank to get the money on the note, its president announced that it was unwilling to lend Jennings the $1,225.00; that Hollowell then said he would let him have it, if the bank would accept the note and assign it to him; whereupon the president of the bank consented to the proposed arrangement and assigned the note to Hollowell, who then and there let Jennings have the $1,225.00 for which the note and mortgage were given. The affirmative matter of the answer was controverted by reply.

After the taking of proof and submission of the case, the circuit court rendered judgment enforcing appellees' execution liens, directing a sale of the land in satisfaction, first, of the debt of M. P. Smith of $500.00; second, the mortgage lien of Hollowell to the extent of $200.00, and finally the judgments respectively of the appellees. From so much of the judgment as confined his recovery and the enforcement of his mortgage lien to $200.00 and refused him a recovery of the remainder of his debt of $1,225.00 and the enforcement of his mortgage lien therefor, Hollowell has appealed.

The action is not one brought to set aside the mortgage from Jennings to appellant, upon the ground that

it was made in contemplation of insolvency and to prefer the latter as a creditor; nor does the petition allege that there was any fraud in the conveyance. Appellee only contends that by mistake of the draftsman of the mortgage, or on the part of some one unnamed, the mortgage was ostensibly made to indemnify appellant as surety upon Jennings' note for $1,225.00, when in fact it was only intended to secure a debt of $200.00 which Jennings owed appellant.

We have carefully read the record in this case and fail to find therein any evidence that would tend to show such a mistake. On the contrary, it appears from the testimony of appellant and Jennings, which there was no attempt to contradict, that the mortgage was given to indemnify appellant against loss as surety for Jennings upon a note of $1,225.00 as therein recited, upon which the Farmers National Bank of Princeton had agreed to let Jennings have that amount of money as a loan; but that when appellant and Jennings went to the bank to deliver the note, and the latter to obtain the money, the president of the bank said he had concluded that he would not let Jennings have the money; whereupon it was loaned him by appellant; and to prevent the execution of another note and mortgage, the note and mortgage then in possession of the parties were assigned by the president of the bank, as such, to appellant. The $1,225.00 thus obtained by Jennings from appellant, instead of the bank, was, as testified by both of them, furnished him by appellant partly in cash and partly in a check upon the Farmers National Bank. Jennings, in his deposition, stated that this money was borrowed for paying his debts, and the deposition shows that such was the application made of it. Jennings gave the names of his creditors to whom payments were made out of the above loan, and the amount paid each; and, as stated, no attempt was made by appellees to contradict the testimony either of Jennings or appellant; indeed, they offered no evidence in support of the allegations of their petition with respect to the alleged mistake in the amount of the mortgage or any other matter put in issue by the answer of Jennings and appellant; nor did appellees by evidence or otherwise attempt to impeach or discredit either appellant or Jennings. It is patent, therefore, from the record presented, that appellant did in good faith lend

Jennings the $1,225.00 evidenced by the note of the latter, and that in equally good faith Jennings and his wife executed the mortgage in question to secure the payment of that loan to appellant; and the fact that Jennings did not obtain from the bank the amount evidenced by the note, but got it from appellant, did not affect the validity of the note or mortgage or discredit the genuineness of the transaction as related by the parties. If the testimony of Jennings or appellant was in any respect false, appellees could have shown its falsity by introducing the president of the Farmers National Bank and the creditors of Jennings to whom he paid the $1,225.00 borrowed by him of appellant; but they failed to introduce any of these persons. So in the situation thus presented the testimony of appellant and Jennings must be accepted as establishing the truth of the matters alleged in their answers. In brief, although the burden of proof was upon appellees, there is a total absence of proof to establish the averments of their petition; from which it necessarily follows that the judgment of the circuit court was unauthorized.

As appellees, by the levy of their executions upon the 150-acre tract of land owned by Jennings, acquired liens thereon for their debts, respectively, subject to the vendor's lien of M. P. Smith for $500.00, and the mortgage lien of the appellant, Hollowell, for $1,225.00, they were entitled to a sale of the land and application of the proceeds to the payment of their debts, after the payment of the debts of Smith and appellant, and the judgment should have been so rendered.

It is true, as claimed by counsel for appellees, that the summons issued on the cross-petition of appellant against Jennings was not served upon the latter; but that fact does not entitle them to an affirmance of the judgment of the circuit court. Only Jennings could complain that he had not been served with the summons on the cross-petition; and no such complaint is made by him.

For the reasons indicated the judgment of the circuit court is reversed and cause remanded with directions to that court to enter a judgment directing the sale of the land to pay: first, the lien debt of Smith; second, that of the appellant, Hollowell; and, third, the debts of the appellees, respectively.