### YOUMANS *ET AL.* v. YOUMANS *ET AL.*

#### (121 S. E., 674)

1. PARTITION—WHETHER COTENANT IN EXCLUSIVE POSSESSION ENTITLED TO BENEFIT OF BETTERMENTS DEPENDS ON EQUITIES OF PARTICULAR CASE.—Whether a tenant in common who has entered into exclusive possession of the common property under a claim of sole ownership, is entitled to the benefit of his betterments depends on the equities growing out of the circumstances of the particular case, and is not governed by the betterment statutes.

2. PARTITION—RIGHT TO HAVE OCCUPANT ACCOUNT STRICTLY ENFORCED AS AGAINST OCCUPANT CLAIMING BETTERMENTS.—One of the rights which excluded tenants in common may be entitled to have carefully safeguarded by the occupying tenant, and which the Court of Equity may find it just strictly to enforce as affecting his right to the benefit of his betterments, is the right to have the occupant of the land account fully and fairly for the rents and profits received.

3. APPEAL AND ERROR—WHETHER COTENANT MADE IMPROVEMENTS IN GOOD FAITH HELD QUESTION OF FACT.—Whether tenants in common having exclusive possession acted in good faith in making improvements, believing at the time that they were the sole owners of the land in fee, *held* a question of fact, as to which the concurrent findings of a special referee and the Circuit Judge will not be reversed unless the findings are clearly against the preponderance of the evidence.

4. IMPROVEMENTS—PARTIES IN POSSESSION MAKING IMPROVEMENTS DURING PENDENCY OF ACTION NOT ENTITLED TO VALUE THEREON.—Where party in possession of land under a claim of title made improvements upon the land after an action had been brought against them for possession of the land, they were not as a matter of right entitled to the value of the improvements.

5. Partition—Cotenant in Possession Accountable to Other Cotenants For Rents and Profits.—Cotenants in possession are chargeable with the knowledge that, if their claim to exclusive title is not sustained, they will be accountable to the other alleged cotenants for their proportionate share of the rents and profits.

6. Partition—Findings of Circuit Judge in Proceeding Between Cotenants Not Disturbed.—Where, in an action for partition, cotenants in possession failed to show what the rents and profits were during the unusually lucrative farming years in which they were in exclusive possession of the land, or to introduce satisfactory evidence of rental value, *held,* that the Circuit Court did not err in denying credit for alleged improvements, and findings upon which the referee based the calculations adopted by the Circuit Court in fixing the amounts due by defendants to plaintiffs will not be disturbed.

7. Judgment—Affirmative Relief Granted to Part of the Defendants Though They Served no Pleading Entitling Them to Such Relief.—In an action for partition and an accounting for rents and profits between cotenants, where the complaint alleged that part of the defendants had occupied the entire property and enjoyed all the rents and profits therefrom and that allegation was denied by the answer of those defendants, *held,* that the other defendants could be granted judgment for rents and profits, though they served no pleading entitling them to such relief.

8. Judgment—Equities Between Defendants Arising Out of Allegations in Complaint Adjusted.—A Court of Equity having jurisdiction of subject matter with all the parties before it can and should adjust equities between defendants when they arise out of allegations in the complaints supported by proof.

9. Pleading—Cross-action Necessary Only Where One Defendant Seeks Affirmative Relief Against Another.—Under Code Civ. Proc., 1922, § 597, it is only when one defendant seeks affirmative relief against another based upon facts not appearing in the complaint that the service of a cross-answer is necessary.

Before Sease, J., Hampton, 1923.    Affirmed.

Action by Lula Youmans, *et al.,* versus B. B. Youmans *et al.* From a judgment for plaintiff, defendants appeal.

*Mr. Randolph Murdaugh,* for appellants, cites: *Rule governing recovery by tenant of the value of improvements as against his cotenants after knowledge of facts that title is defective:* 22 S. C., 389; 101 S. C., 350; 109 S. C., 451;

91 S. C., 7; 92 S. E., 536. *Affirmative relief cannot be granted one defendant against his codefendants unless pleadings have been served on the codefendants:* 95 S. C., 343.

*Messrs. W. B. DeLoach* and *W. B. Connor,* for respondents, cite: *Judgment between codefendants proper:* 83 S. C., 496; 71 S. C., 442; 55 S. C., 50; 47 S. C., 460; 110 S. C., 495. *Tenant cannot recover for improvements after notice of adverse claim:* 21 S. C., 592; 18 S. C., 606; 92 S. E., 536. *Rights of tenants in common as to rents and profits:* 64 S. E., 160. *Question of title was a legal one, and facts are not reviewable:* 72 S. C., 312; 98 S. E., 193. *If reviewable appellants must show error by preponderance of the evidence:* 103 S. C., 307; 101 S. C., 362; 100 S. C., 144; 100 S. C., 157; 91 S. C., 473. *What improvements may be recovered by tenant against cotenants:* 31 C. J., 307, 308, 309; 10 Rich. Eq., 323; 37 S. E., 642; 18 S. C., 604; 4 DeS. Eq., 474. *Rule as to improvements made after suit commenced:* 31 C. J., 317; 37 S. E., 642; 92 S. E., 536; 74 Ala., 232; 27 La Ann., 70; 31 Penn., 546; 2 Rich. Eq., 317. *Cases under betterment statute have no application in a partition suit:* 58 S. C., 544.

March 3, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

This action was commenced in July, 1915, for the partition of a tract of land in Hampton County. The defendants, Thomas Youmans, Bartow Youmans, and Mrs. Ella Youmans, by their answer denied that the plaintiffs had any right or title in and to the land sought to be partitioned, and alleged that they were in possession as the sole owners of the land in fee simple. On trial of the cause on circuit in 1919, the Court directed a verdict for the defendants. On appeal this Court reversed the judgment of the Circuit Court and remanded the case for partition of the land. 115 S. C., 187; 105 S. E., 31. Thereafter the complaint was

amended so as to set up a claim against the defendants, Thomas Youmans and Bartow Youmans, for rents and profits. This amended complaint was not served on the defendants, Ella Youmans and Louisa C. Lewis. The defendants, Thomas Youmans and Bartow Youmans, answered the amended complaint, denying the plaintiffs' alleged claim, and setting up a claim for betterments. The plaintiffs' filed a reply "denying the alleged improvements and alleging that such improvemens, if any, were made when said parties were in possession under claim of adverse possession, and at a time when they had notice that their claim was defective," and that they were "estopped to claim improvements." The defendants, Horace Youmans and his brothers and sisters, did not serve any separate or joint reply to this answer, although same was duly served upon them.

The cause was referred generally to H. L. O'Bannon, Esq., as Special Referee. The Referee's report sustained substantially the plaintiffs' contentions both as to the law and the facts, and recommended that judgment be entered against the defendants, Thomas Lee Youmans and Bartow Youmans, in favor of the plaintiffs for $3,840.81, and that judgment be entered against the defendants, Thomas Lee Youmans and Bartow Youmans, "in favor of the defendants, Horace Youmans and others, heirs at law of Calvin Youmans, deceased," for $1,004.80. On appeal from this report, the Circuit Court, Hon. T. S. Sease, presiding Judge, modified the Referee's findings of fact as to two minor items of the claim against the defendants, and decreed that "with these exceptions, the report of the Master is affirmed and made the judgment of this Court."

The first contention made by appellants (Exceptions 1, 2, 3, 9, and 11), is that prejudicial error was committed by the Circuit Court in failing to allow the defendants, Thomas Youmans and Bartow Youmans, credit for the value of improvements or betterments made by them while in the exclusive occupancy of the land. These defend-

ants were cotenants of the plaintiffs and of certain of the other defendants. They asserted, in substance, a claim to the sole ownership in fee and to exclusive possession under an alleged paramount or superior title. That claim was not sustained. In that situation it has been expressly held by this Court that the remedy of a tenant in common who makes improvements on the common property is not under the betterment statutes. The reasons for that view are fully and convincingly stated by Mr. Justice Jones in *Hall v. Boatwright,* 58 S. C., at page 548; 36 S. E., 1001; 79 Am. St. Rep., 864. Broadly, the betterment statutes are not applicable, because the relief to which such a tenant in common is entitled is referable to and governed by established principles of equity jurisprudence. Conceivably, a case might arise in which the Court of Equity would not require strict compliance by the improving tenant with the condition which is made a prerequisite to relief under the betterment statutes, namely, that the person making the improvements shall believe at the time that his title to the land was "good in fee." On the other hand, even where the improving tenant actually believes at the time of making the improvements that he has the exclusive title in fee, that fact does not of itself entitle him to compensation for the value of his betterments. Whether a tenant in common who has entered into exclusive possession of the common property under a claim of sole ownership is entitled to the benefit of his betterment "depends on the equities growing out of the circumstances" of the particular case. *Tedder v. Tedder,* 109 S. C., 451; 96 S. E., 157. *Cain v. Cain,* 53 S. C., 350; 31 S. E., 278; 69 Am. St. Rep., 863. *Buck v. Martin,* 21 S. C., 592; 53 Am. Rep., 702. Unquestionably, he is entitled to invoke the equity arising out of the fact that he acted in good faith, believing at the time he made the improvements that his title to the whole of the land occupied was "good in fee." *Williman v. Holmes,* 4 Rich. Eq., 476. *Scaife v. Thomson,* 15 S. C., 337. *Buck v. Martin, supra. Johnson v. Pelot,* 24

S. C., 264; 58 Am. Rep., 253. But the extent to which that equity will avail him is controlled by the countervailing equities of his cotenants who have been illegally deprived of the possession and use of their property. See *Thurston v. Dickinson,* 2 Rich. Eq., 317; 46 Am. Dec., 56.

One of the rights which the excluded tenants in common may be entitled to have carefully safeguarded by the occupying. tenant and which the Court of Equity may in the circumstances find it just strictly to enforce is the right to have the occupant of the land account fully and fairly for the rents and profits received. See *Cain v. Cain,* 53 S. C., 350; 31 S. E., 278; 69 Am. St. Rep., 863; 7 R. C. L., 834, Par. 30.

In the case at bar the appellants base their claim for the value of improvements made primarily upon the contention that they acted in good faith in making the improvements, believing at the time that they were the sole owners of the land in fee. That question is essentially one of fact. *Templeton v. Lowry,* 22 S. C., 389. It has been determined against the appellants by the concurrent findings of fact of the Special Referee and the Circuit Judge. A careful examination of the appeal record does not satisfy us that the finding is so clearly against the preponderance of the evidence as to warrant a reversal by this Court. *Miller v. Smith,* 103 S. C., 307; 88 S. E., 354. *McLure v. Goodwin,* 101 S. C., 362; 85 S. E., 900.

Assuming that the appellants' claim to the exclusive ownership was reasonably grounded, and that they actually believed in the validity of the exclusive·title asserted, as appellants contend, the improvements were made after the commencement of this suit, and with full knowledge that their claim was disputed. They were chargeable with knowledge of the general rule of law that "where parties in possession of land, under claim of title, make improvements upon such land after action brought against them for the possssion of the land and denying their right

thereto," they are not entitled as a matter of right "to the value of the improvements so erected." *Johnson v. Harrelson,* 18 S. C., 604. They were chargeable with knowledge that, if their claim to exclusive title was not sustained, they would be accountabl to thire cotenants for their proportionate shares of the rents and profits.

The finding of the Referee, confirmed by the Circuit Judge, is that the period of the appellants' exclusive occupancy covered "the most lucrative farming years known to the farmers of this section since the Civil War." They appear to have elected to assume liability for rental value rather than disclose the actual amounts of rents and profits received. The extent to which the alleged improvements, consisting of repairs to buildings used in the operation of the farm and of heavy fertilization of the soil, was reflected in the market value of the premises at the end of the period of exclusive occupancy, is problematical. In the absence of a full showing as to what the rents and profits actually were, the extent to which the occupying tenants are in fact losers or gainers, notwithstanding the expenditures for improvements, as the result of the venture, undertaken at their own risk, in withholding the shares of their cotenants and exclusively appropriating the annual rents and profits from the common property during an abnormally prosperous period in the farming industry, is likewise problematical. In that situation we cannot say that the Circuit Judge erred in adopting the view that the defendants were not entitled to the credit claimed for the value of alleged improvements to the common property.

The second point, in logical order, raised by appellants (Exceptions 6, 7, 8, and 10), is that certain findings of facts upon which the Referee based the calculations adopted by the Circuit Court, in fixing the amounts due by defendants to the excluded cotenants, were so clearly against the preponderance of the evidence as to require in good conscience a reversal or correction by this Court in the exercise

of its prerogative in an equity case to pass upon the facts. That contention has been urged with great force, and we have given it careful consideration. But the task of attempting accurately and justly to restate the accounts of the parties upon the basis of the evidentiary matter set out in the record is one which cannot be undertaken by us with any satisfactory degree of confidence in the validity of the results that might be reached. The appellants were liable to account to the excluded cotenants either for actual rents and profits or for the rental value. The case made against them was predicated in part upon estimates as to rental value and in part upon their actual receipts from certain share croppers. That case was not met by a clear-cut statement on the part of the appellants, showing the actual rents and profits for the several years of their exclusive occupancy. Such a statement, clearly disclosing the actual receipts and the actual disbursements, would doubtless have afforded a more satisfactory basis for adjusting all claims, including that of appellants for their alleged improvements. Nor, in lieu of such statement, was there satisfactory evidence offered by appellants as to the actual rental value of the lands occupied by them. The issue of rental value is left to be determined upon the basis of the varying estimates of witnesses as to the number of acres of cleared lands, as to the number of acres of such cleared lands required to constitute a one-horse farm, and as to the usual rental in that section for a one-horse farm, etc. The number of one-horse farms actually operated by appellants does not appear. What was the annual value in the open market of the leasehold of the particular premises occupied by the appellants, taking into consideraion cleared land, buildings, and all other pertinent matters, during the years in question, does not satisfactorily appear. We are, therefore, constrained to overrule the exceptions directed to imputation of error in the findings of fact upon which the amounts of judgments against appellants were based.

The third contention made by appellants (Exceptions 4 and 5) is that the Circuit Court erred in holding that judgment for any amount should be entered against these appellants in favor of their codefendants, Horace Youmans *et al.* That contention is based upon the fact, which appears to be undisputed, that these codefendants served no answer or other pleading upon the appellants, setting out facts which would entitle them to affirmative relief. The amended complaint alleged:

"That the defendants, Thomas Youmans and Bartow Youmans, have occupied the said premises * * * to the exclusion of the plaintiffs and their other cotenants or tenants in common * * * and used and enjoyed the rents and profits of all of said lands and that the plaintiffs and the other tenants in common of said Thomas Youmans and Bartow Youmans have received no part of the rents and profits of said premises."

By their answer the appellants denied the foregoing allegations. The position of Horace Youmans *et al.* is that the issue of fact as to the liability of the appellants for rents and profits as tenants in exclusive possession was thus clearly and sufficiently raised by the complaint and by appellants' answer, and that upon the issue thus joined they adduced proof, which the appellants had full opportunity to meet, entitling them to the relief granted. That position must be sustained under the well settled rule that a Court of Equity, having jurisdiction of the subject matter, with all parties before it, can and should adjust "equities between defendants, when they arise out of allegations in the complaint, supported by proof." *Gibson v. Bethea,* 95 S. C., 346; 78 S. E., 1025. It is only when one defendant seeks affirmative relief against another based upon facts not appearing in the complaint that the service of a cross-answer is necessary. *Bethea v. Allen, supra;* Section 597, Code Civ. Proc. 1922. See *Beall v. Weston,*

4—S. C. R., 128.

83 S. C., 491; 65 S. E., 823, and *Beattie v. Latimer,* 42 S. C., 313; 20 S. E., 53.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur. MR. CHIEF JUSTICE GARY did not participate.