**EVERETT v. MILLER et al.**

No. 832.

Municipal Court of Appeals for the District of Columbia.

*Argued July 18, 1949.*

Decided Aug. 5, 1949.

George B. Parks, Washington, D. C. (Carl D. Coleman, Washington, D. C., on the brief), for appellant.

Josiah Lyman, Washington, D. C. (I. Irwin Bolotin, Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant brought a landlord and tenant action for recovery of possession of a dwelling. Five persons were named as defendants and described as tenants at will. The defendants were not served personally and service was made by leaving a copy of the summons with a person above the age of sixteen years in possession of the premises.[1] Apparently none of the named defendants ever appeared in answer to the summons but two individuals, not parties to the suit, filed two motions, in which they described themselves as the only true and legal owners of the premises involved and denied that appellant had any right, title or interest in the premises. One motion sought leave to intervene; the other moved *to quash service on the named defendants.* The court denied the motion to intervene but several days later after a hearing granted the motion to quash. From the granting of that motion this appeal was taken. No appeal was taken from the order denying the motion to intervene.

The motion to quash was signed by the same counsel who filed the motion to intervene. *They signed both motions as counsel* for intervenors. The reporter's transcript of the hearing on the motion to quash describes these same attorneys as appearing "on behalf of defendants" and those attorneys have filed a brief here as "attorneys for appellees"; but it is plain that at no time did these attorneys represent or claim to represent the persons named as defendants.

We are immediately faced with the question of the right of a stranger to an action, not permitted to intervene therein, to move to quash service on the named defendants. It is a general rule, with limited

[1] Code 1940, § 11—736.

exceptions, that the question of defective service can be raised only by one on whom the attempted service was made, and that one defendant has no standing to question the service on a codefendant.[2] It necessarily follows that a motion to quash service made by one not even a party ought not to be heard.[3]

It is apparent from the record before us that appellant and the movants both claim title to the real estate which is the subject of the possessory action and it is equally clear that the trial court has no power to decide that question of ownership.[4] The record indicates that prior to commencement of this proceeding the movants had filed an action in the United States District Court for the District of Columbia against appellant to determine the question of title, which action is now pending. If movants feel that their rights will be prejudiced by the landlord and tenant proceeding they should apply in the District Court action for an injunction restraining plaintiff here (defendant there) from further prosecution of the landlord and tenant proceeding until the District Court has determined ownership of the property. This course was suggested by the trial court but movants did not see fit to adopt it.

In holding that the order quashing service must be reversed, we do not pass upon the validity of the service. We hold only that the service may not be quashed on motion of persons who are not parties to the action and who have been refused the right to intervene.

The order quashing service is reversed.

[2] Hollowell v. Joe K. Exall & Co., 173 Ky. 422, 191 S.W. 123; Trew v. Standard Supply & Hardware Co., La.App., 33 So.2d 426; In re Roberts' Estate, 102 Mont. 240, 58 P.2d 495; Kopit v. Zilberszmidt, Sup., 35 N.Y.S.2d 558; 50 C.J., Process, § 319.

[3] Howell v. Atlantic Coast Line R. Co., 79 S.C. 493, 60 S.E. 1114; United States Bank v. City of Kendall, C.C.Kan., 179 F. 914; Difani v. Riverside County Oil Co., 201 Cal. 210, 256 P. 210.

[4] Duvall v. Southern Municipal Corporation, D.C.Mun.App., 63 A.2d 336.