## *EX PARTE* WITTE BROS.

### *IN RE* LATHAM v. MOORE.

Under judgment obtained in 1877 and revived in 1885, the lands of the
judgment debtor were levied on and sold in 1889. *Held*, that the lien
of this judgment, after its revival, dated back to its original entry,
under section 310 of the Code, as amended in 1873 (15 Stat., 498);
and, therefore, the proceeds of this sale were applicable to this judg-
ment in priority to a junior judgment entered in 1880.

Before PRESSLEY, J., Kershaw, June, 1889.

The opinion fully states the case.

*Mr. J. T. Hay*, for appellant.

*Mr. W. D. Trantham*, contra.

March 6, 1890.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This was a rule upon the sheriff of
Kershaw County, requiring him to make a particular application
of funds in his hands as sheriff, under the following circumstances:
On September 14, 1877, S. B. Latham entered a judgment against
Thomas Moore for $1,038.60.   On August 14, 1880, Witte Bros.
entered a judgment against the same defendant for $2,666.42.
On June 4, 1885, the judgment of Latham was revived by order
of court, with leave to issue execution, which issued accordingly.
In April, 1889, the execution was levied upon certain lands of
the defendant, Moore (who, in the meantime, had died), which
were sold in May, 1889.  ·Mrs. Moore, the widow of the defen-
dant in execution, had become the owner of the Latham judg-
ment, and, claiming the proceeds of sale as applicable to that
judgment, she bid off the land for $1,000, and directed that it
should be credited upon the judgment.   Witte Bros. objected to
this, and ruled the sheriff, requiring him to pay the $1,000 upon
their execution.   The sheriff made return, and upon argument
before Judge Pressley, he held that the Latham judgment was the
senior lien, and that the purchase money should be credited or

paid to that, the question of homestead being reserved. From this order, Witte Bros. appeal to this court upon the grounds: "*First*, that his honor erred in holding that the judgment of S. B. Latham *v.* Thomas Moore did not lose its lien, first acquired, at the expiration of ten years from the date of its original entry, but that such lien remained at the time of the sale in 1889 ; *second*, that his honor erred in holding, that at the time of the sale under execution, the judgment of S. B. Latham *v.* Thomas Moore had a lien upon the lands sold, superior and paramount to the judgment of Witte Bros. *v.* Thomas Moore."

Latham's judgment was the elder, and the sheriff was right in applying the proceeds of sale to it, unless there was some law forbidding it. Witte Bros. claim that there was such law ; that in 1889, when the land was sold, more than 10 years from the entry of the Latham judgment had elapsed, and therefore its lien had expired, leaving the Witte judgment the first living lien. The Latham judgment was obtained September 14, 1877 (after 1873), and before the passage of the act of 1885, and therefore that act (1873) is alone applicable to the case, and must control the question made. The act gave judgments "liens for a period of ten years from the date of entry"; but it also contained another provision : "Provided, that the plaintiff in such judgment may, at any time in three years after its active energy has expired, revive the judgment with like lien, as in the original, for a like period ; * * * and if no good cause be shown to the contrary, then it shall be decreed that such judgment is revived according to the 'force, form, and effect' of the former recovery," &c. See *King v. Belcher*, 30 S. C., 381. Under this law, Latham had 13 years of lien on his original judgment, provided he exercised the privilege granted of reviving it within that time. He did revive it within that time, and why did that not extend the lien of the original judgment to the end of 13 years ? If so, it was carried beyond the time of the sale in 1889, and to that original judgment the sale may be referred.

But it is insisted, that by the revival in 1885, during the running of the 10 years, the plaintiff not only obliterated all that then remained of his 10-year lien, with its 3-year supplement, but that he thereby also lost the date of his first judgment, and took

a new lien dating only from the revival, and therefore junior to that of Witte Bros. I cannot accept this shifting scale of priorities. The proviso above cited expressly declares that it shall be decreed that such judgment is revived according to the "force, form, and effect" of the former recovery. Does that not mean that another 10 years is thereby added to that which attached to the former recovery? The word "revive" does not mean to make a new creation, but to reinvigorate an old one: "to bring to life again"; "to cause to live again." It seems to me a solecism in terms to speak of reviving a judgment by creating a new one, with different date, lien, &c. We have always supposed that a *scire facias* on judgment must pursue the terms of the judgment; that it is a continuance of the action, and must conform to the record; that the authority to issue an execution on a judgment is derived from the original judgment, which, revived, continues its vitality, with lien and other incidents, from the time of its rendition. See *Ingram* v. *Belk*, 2 Strob., 208, and *Parnell* v. *James*, 6 Rich., 373; *Dougherty's Estate*, 42 Amer. Dec., 326; *Irwin* v. *Nixon*, 51 Amer. Dec., 559. In the case from 6 Rich., Judge Withers forcibly said: "When *scire facias* is issued between the same parties to a judgment, 'it is * * * manifestly not an original proceeding, but a continuance of a former suit.' * * * If the first judgment be merged, this might greatly disturb the plaintiff's relative priority of lien," &c. It seems to me that any other interpretation of the act of 1873 would necessarily result in great confusion, surprise, and injustice to parties who have been resting upon what was believed to be the acknowledged law—that diligence was rewarded, and that a judgment, regularly "revived," continues to have a lien from its original entry.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.