## SCOTT & NOBLES v. MOSELY BROS.

1. HOMESTEAD.—A son who cares for a widowed mother is the head of the family of which she is a member, under the homestead law, and is entitled to a homestead against his own debts.
2. APPEAL.—LEGAL ISSUES.—Application of law to *ex parte* testimony raises a question of law, and the orders of a Circuit Judge thereon are appealable.

Before BENET, J., Laurens, April, 1899.　Reversed.

Application by James R. Mosely for homestead against judgment obtained against him in case of Scott & Noble _v._ Mosely Bros.　From order setting aside return of appraisers laying off homestead to him, James R. Mosely appeals.

_Mr. W. R. Richey,_ for appellant, cites: _Order setting aside return of commissioners raises question of law, and is appealable:_ 32 S. C., 167.　_Under circumstances, this defendant is the head of a family:_ 33 S. C., 97; 36 S. C., 576; 21 S. C., 19; 23 S. C., 316; 51 S. C., 97.

_Messrs. W. H. Martin_ and _F. P. McGowan,_ contra, cite: _There is no appeal from order setting aside return of commissioners, because it is a finding of fact:_ Sec. 4, art. 5, Con.; 44 S. C., 300.

March 14, 1899.　The opinion of the Court was delivered by

MR. JUSTICE POPE.　It seems that in the above entitled action judgment was recovered against the defendant, James R. Mosely, for the sum of $148.93, on the 26th day of July, 1894, but no execution was issued thereunder until 6th day of November, 1895, and lodged with the sheriff on the 7th day of November, 1895; but no levy was ever made.　On the 9th day of November, 1895, the defendant, James R. Mosely, filed his petition with the sheriff of Laurens County, demanding that a homestead in land and an exemption of personal property be laid off to him out of any property he might own.　According to the rules of law, three commissioners were appointed to carry out said petition—the creditors named one of said commissioners.　Under their hands and seals, the said commissioners returned that they could find no personal property owned by said James R. Mosely, and that they had set apart to him, as his homestead, 100 acres of land valued at $800.　The creditors duly excepted

to said return. A hearing was had of such exceptions before his Honor, Judge Benet, at the April, 1898, extra term of the Court of Common Pleas for Laurens. Such hearing was based upon the pleadings, return, exceptions thereto and testimony taken in open Court. On the 21st April, 1898, Judge Benet filed the following order: "On hearing the exceptions filed by plaintiffs to the return of the appraisers setting off a homestead in land to the defendant, James R. Mosely, the testimony and argument of counsel, I conclude that the said James R. Mosely, petitioner, was not, at the time of the recovery of the judgment against him in the above stated action, the head of a family, and he is, therefore, not entitled to homestead as against the plaintiffs' judgment; and it is ordered, that the exceptions to the return of said appraisers be sustained, and that said return be, and the same is hereby, set aside as null and void."

The grounds of appeal in substance allege error in this order. First. Because the petitioner was the head of a family when judgment was obtained. Second. Because the petitioner was the head of a family when the cause relating to homestead was heard by the Court. This being a law case, we can not review findings of fact, but must confine ourselves to errors of law. We regard the case as presenting no questions of fact arising between the contesting parties, but as presenting two questions of law, based on testimony.

We think the petitioner was entitled to be regarded as the head of a family, consisting of his widowed mother and afflicted brother, at the time the judgment was obtained in 1894. W. L. Gray, Esq., testified to the fact that the entire salary of Mr. Mosely, as clerk for Gray & Sullivan, was devoted to the support of himself and his mother; that the petitioner used his rents for the same purpose. This, it seems to us, fulfilled the requirements of our Constitution, which, in tenderness to misfortune, allows an exemption of property to one as the head of a family freed from the claims of creditors. While a husband is the head of a family, a son, who takes care of and protects

a widowed mother, may also be the head of a family of which such mother is a member. *Moyer* v. *Drummond,* 32 S. C., 167, is authority for the position that such testimony presents a question of law. This ground of appeal is well taken.

Having concluded that the Circuit Judge was in error in holding as he did, that Mosely, the petitioner, was not entitled to be regarded as the head of a family, at the time of the recovery of plantiffs' judgment, it becomes unnecessary to pass upon the second ground of appeal. It follows, therefore, that the order appealed from must be reversed.

It is the judgment of this Court, that the order appealed from be reversed, and that the proceedings be remanded to the Circuit Court, with directions that such Court shall confirm the return of the commissioners in homestead.