## 10221

### GREENE v. MOBLEY ET AL.

#### (99 S. E. 814.)

1. FRAUDULENT CONVEYANCES—HUSBAND'S DEED TO WIFE—INDEBTEDNESS OF HUSBAND.—Husband's deed to wife without a valuable consideration, executed after husband had been informed that his creditor intended to secure a judgment against him, is void.

2. EVIDENCE—PAROL TESTIMONY—LIMITATIONS IN DEED.—Deed absolute on its face cannot, in order to defeat creditors, be shown by parol to have been intended to contain limitations not expressed in the deed.

3. DEEDS—INTENTION OF GRANTOR—PRESUMPTION.—Deed which has not been attacked will be presumed to express grantor's intention.

4. EXECUTION—PROPERTY SUBJECTED TO.—Where deed conveys a fee, it is subject to the grantee's debts.

Before MEMMINGER, J., York, Fall term, 1918. Reversed.

Action by G. H. Greene against H. G. Mobley, and another. Decree for defendant and plaintiff appeals.

*Mr. J. A. Marion,* for appellant, submits: *The deed was void under the Statute of Elizabeth:* 12 R. C. L., p. 492; 30 Cyc. 420; 30 S. C. 431; 97 S. C. 261; 11 S. C. —; Ency. P. & Pr., vol. XXI, pp. 70, 76; 20 Cyc. 746; 26 S. C. 175; Code 1912, vol. I, sec. 3455; 64 S. C. 364; 27 S. C. 286; 56 S. C. 154; 20 Cyc. 300; 66 S. C. 172; 52 S. C. 472; 20 Cyc. 439, 453; 82 S. C. 104; 65 S. C. 105; 56 S. C. 240. *Even if actual or moral fraud had not been established, it was not necessary as legal fraud was conclusively shown, and the presumptions against the deed were not rebutted:* 20 Cyc. 511, and cases cited; 12 R. C. L., p. 592, and cases cited in note; 4 McCord, 312 (5 S. C. L.) ; Bail. Eq. 142 (8 S. C. Eq.) ; Hill Eq. 120 (10 S. C. Eq.) ; 24 S. C. 505; 29 S. C. 403; 34 S. C. 1; 41 S. C. 426; 55 S. C. 29; 38 S. C. 498; 86 S. E. (S. C.) 205; 95 S. E. (S. C.) 355; 20 Cyc. 456; 12 R. C. L., p. 594; Bump on Fraud, Con., secs. 285, 293; 95 S. E. 451; 56 L. R. A., note, p. 827; 20 Cyc. 512, cases cited; 12 R. C. L. 669, and cases cited; 101 S. C. 238; 20 Cyc. 350; 12 R. C. L., p. 505. *The deed was void because it was between husband and wife, was voluntary and existing creditor was hindered, delayed and defrauded as a result of it:* 12 R. C. L. 514, 668; 56 L. R. A., note, p. 824; 20 Cyc. 454, 462, 463; 41 S. C. 426; 34 S. C. 1; 36 S. C. 58; 1 Am. Lead. Cas. 1; 1 Hill 16; McMull. Eq. 27; 3 Strob. 413; 22 S. C. 209.

*Mr. J. Harry Foster,* for respondent, submits: *There must be an intent to defraud:* Civil Code 1912, sec. 3455. *The Court should sustain the conveyance as being nothing more than the conveyance of Mobley's homestead exemption:* 44 S. C. 308; 99 S. C. 410; 28 S. C. 71; 32 S. C. 264; 73 S. C.

329; 26 S. C.. 1; 37 S. C. 118; 107 S. C. 366; Code of Procedure, sec. 348: Sutherland on Damages, sec. 378, sec. 113; 62 Am. Rep. 785; 19 Enc. of L. 1153, 2d Ed.   ·

July 14, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case shows:

"This is an action to set aside a deed as fraudulent under the Statute of Elizabeth, and was commenced by service of summons and complaint December 7, 1917. The complaint alleges, in substance, that the defendant, H. G. Mobley, became indebted to plaintiff, G. H. Greene, on February 5, 1916, in sum of $2,422.87, as evidenced by a promissory note given on that day, due February 5, 1917; that on September 10, 1917, after debt became due and while plaintiff was pushing for payment of the same, H. G. Mobley transferred to his codefendant, Cassie I. Mobley, his wife, a certain lot of land described in the complaint; the said transfer being without consideration and leaving defendant insolvent and being made with intent to hinder, delay, and defraud plaintiff. The consideration recited on the deed was $1 and love and affection.

"Both defendants answered, setting up that the transaction was without fraud and was made for a good and valuale consideration.

"The case was referred, by consent, to C. W. F. Spencer, Esq., as special referee, to pass upon all issues. While the case was pending before the said referee, an order was passed by him allowing the plaintiff to file a supplemental complaint setting up the issuance of execution and *nulla bona* return on the judgment of plaintiff recited in the original complaint. No appeal was made from said order, and in accordance therewith a supplemental complaint, alleging only the issuance of execution and *nulla bona* return on

judgment recited, was duly served on defendant's attorney. No answer or demurrer was made or served to the said pleading, and in accordance therewith *nulla bona* return was duly introduced into evidence.

"The referee took testimony and filed his report, in which he found that the transfer in question was made without consideration and was *mala fide* and should be set aside.

"The defendants duly excepted to the said report, and the case came on to be heard at the December term, Court of Common Pleas, York county. His Honor, on December 14, 1918, filed a brief order reversing the referee and holding that the deed was valid.

"Plaintiff duly excepted to his decree, and the case comes to be heard in this Court."

The record shows that, although the deed was dated in January, it was not executed until September, and not until after the grantor was informed that the creditor intended to push his claim to judgment. While the answers set up a valuable consideration, the record shows that there was no valuable consideration. If authority is needed for the proposition that a debtor who is being pursued for a debt cannot give away his property, the case of *Braffman v. Glover,* 35 S. C. 431, 14 S. E. 935, is full to the point. The deed is void and can serve no useful purpose.

The respondents seek to sustain the conveyance by Mr. Mobley to his wife on these grounds:

1. This land was conveyed to the respondent, H. G. Mobley, by his mother, who intended the lot conveyed to be used as a home for son and daughter-in-law. The only evidence of this is by parol. We have been cited to no authority, and we know of none, that holds that a deed absolute on its face can, in order to defeat creditors, be shown by parol to have been intended to contain limitations not expressed in the deed. The only suggestion here is that, if the mother had anticipated that the land

would be subject to her son's debts, she would in all probability have made the conveyance to her daughter-in-law, instead of to her son. The grantor did not so convey the land, and we have no right to change the grantee.

2. "That if the Court sets aside this deed, the practical effect is to change the grantee in the deed of Mrs. Mobley, Sr., to her son, so as to make it a deed to the plaintiff." We must assume that the deed of Mrs. Carrie Mobley 3, 4　(the mother), which has not been attacked, expresses the intention of the grantor. The deed of Mrs. Carrie Mobley to H. G. Mobley conveyed a fee, and, as a matter of law, it is subject to his debts. The wisdom of the conveyance is not for the Courts.

3. "That the respondent, H. G. Mobley, had a right to convey to his codefendant said real estate to the extent of his homestead exemption." He can do so by a valid deed. This case does not affect the homestead. If a controversy shall arise between Mr. and Mrs. Mobley as to the ownership of the homestead ,it will be time enough to decide that issue.

The judgment appealed from is reversed, but without costs or disbursements to eitheir side, as the case has been filed without complying with the rule.