11015

*EX PARTE* SAMS
SAMS v. SAMS *ET AL.*

(119 S. E., 798)

1. Homestead—Party Claiming Homestead Must Show That he is Head of Family.—The homestead provided for by Const. Art. 3, § 28, and Civ. Code, 1912, § 3721, is not for the use of a man simply because he is a married man with children, but is for the benefit of the family, and one claiming a homestead must show that he is the head of a family.

2. Homestead—Wife Must Join in Conveyance or Mortgage of Homestead.—After a homestead has been set off, the head of a family cannot convey or mortgage it, unless his wife joins in the conveyance or mortgage.

Note: On conveyance of homestead by husband after abandonment of wife, see notes in 8 L. R. A. (N. S.) 565 and L. R. A., 1915D, 551.

Before Shipp, J., Allendale, January, 1923.    Affirmed.

Action by Moylin M. Sams against D. Sams and others. From an order requiring the sheriff to sell the interest of the named defendant in the land in controversy, defendants appeal.    Affirmed.

The order of Circuit Judge S. W. G. Shipp, referred to in the opinion, follows:

## ORDER

This was a rule to show cause against L. C. Bennett, as sheriff of Allendale County, requiring him to show cause why he should not be attached for contempt for failing to obey an order of this Court issued on October 20th, 1921, requiring him to execute the judgment in the above cause. Respondent waived all rights as to the jurisdiction of the Court; the rule being returnable at Bamberg, S. C.   I would have no right to pass an order attaching the sheriff outside of the county of his residence and except in open Court, but the parties desire that I decide whether the sheriff ought to levy the execution upon the lands in question, to wit: The Milbury plantation consisting of "All that tract or parcel of land in Bull Pond Township, Allendale County, S. C., containing 3,400 acres, more or less, bounded on the north by lands formerly owned by B. F. Killingsworth, now of T. R. Irwin and others, east by Erwinton and Barnwell road and estate lands of Baxter, south by T. G. All, and west by Savannah River."

It seems to me that under the decision of the Supreme Court in this very case, the plaintiff has the right to have the sheriff levy upon the lands in question to have sold any interest owned by D. Sams in the premises.

Judge Fraser, who delivered the opinion of the Court, says distinctly that plaintiff has two avenues of relief, and while he does say that the relief to have the Court of equity to set aside the deed made by Sams is closed, because barred by the statute, yet he points out the other avenue of relief,

to wit, to ignore the deed as a fraud on plaintiff's rights, and to levy upon the land in question and let the question come up between the purchaser at the execution sale and those in possession. See *Amaker v. New,* 33 S. C., 28.

The sheriff is not required to put purchaser in possession but merely to sell all the right, title, and interest of D. Sams in the premises. Of course, if he has no interest the purchaser takes nothing, but the plaintiff has the right to have the levy made.

It is therefore ordered that the sheriff of Allendale County do forthwith levy the execution issued upon plaintiff's judgment referred to in the petition upon all the right, title, and interest of D. Sams, defendant, in the premises hereinbefore described, and to sell the same as provided by law, unless the said D. Sams shall sooner pay off the said judgment.

*Messrs. R. P. Searson* and *Harley & Blatt,* for appellants, cite: *Sale should be enjoined:* 26 S. C., 1; 4 A. S. R., 674; High Inj., 269; 5 R. C. L., 662; 10 R. C. L., 1254, 1255-6; 48 S. C., 584; 1 Bail., 159; 2 Bail., 619; 38 S. C., 138; 66 S. C., 155; 117 S. C., 311. *Homestead:* 29 S. C., 175. *Case is res adjudicata under* 117 S. C., 311; 33 S. C., 28. *should be overruled:* 45 S. C., 312.

*Mr. James M. Patterson,* for respondent, cites: *Sams not owning property is not aggrieved by order:* Code Proc. 1912, Sec., 376; 3 N. Y., Supp., 664; 56 N. Y. Supp., 606. *Children were refused intervention:* 117 S. C., 311. *Sheriff presumed to do his duty:* 91 S. C., 231. *No lien on exemption:* 37 S. C., 102; 29 S. C., 175. *Amaker v. New sustained:* 33 S. C., 530; 38 S. C., 496.

September 26, 1923. Rehearing refused November 12, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is a second appeal. The first is found in 117 S. C., 312; 108 S. E., 921, where the facts are fully set out. A short statement only is necessary here.

The respondent, Mrs. Sams, brought suit against her husband, D. Sams, for reimbursement for past expenses of her support; for alimony, etc., and to set aside certain deeds for fraud. The trial Court granted a judgment for about $8,000, past support money, and for alimony, and set aside the deeds for fraud. On appeal this Court affirmed the judgment, except as to that portion that set aside the deeds for fraud. This Court's decision was based upon the fact that the action as to the deeds was barred by the Statute of Limitations. The respondent then demanded of the sheriff that he levy upon the land and sell it to satisfy her judgment. Judge Shipp, who heard the motion, granted it, and ordered the sheriff to sell the interest of D. Sams in the land. From this order this appeal is taken. Let Judge Shipp's order be reported.

1. The first, second, and fourth exceptions are:

"1. Because his Honor erred in requiring the sheriff to levy upon and sell property which is not the property of the judgment debtor, D. Sams, individually, and in which he has no beneficial interest, and concerning which there are not only seriously contended claims of ownership, but also claims of ownership in others which have been sustained by the Supreme Court of this State.

"2. Because his Honor erred in requiring the sheriff to make a sale which will constitute a cloud upon the title of the owners of the property."

"4. Because his Honor erred in requiring the sheriff to subject the property in question to the plaintiff's judgment for alimony, past support, etc., it being respectfully submitted that her alleged right to have the property subjected to her said judgment had already been definitely refused by the Supreme Court in a controversy between the plaintiff

and the defendants, to wit: the cause of *Sams v. Sams,* 117 S. C., 312."

This Court has not sustained this title. The former opinion said: "There are two avenues of relief. This one is closed." That left the other avenue open for further consideration. We are asked to review the case of *Amaker v. New,* 33 S. C., 35; 11 S. E., 386; 8 L. R. A., 687. In *Jackson v. Plyler,* 38 S. C., 501; 17 S. E., 258 (37 Am. St. Rep., 782), we find:

"So here the statute does not have the effect of converting a fraudulent deed into a valid deed, by reason of the lapse of the prescribed time, but it simply forbids the right of action for relief on the ground of fraud; and hence, if the question as to the fraudulency of the deed arises in any other way than in such an action, there is nothing in the statute which forbids its being assailed for fraud. It seems to us that the case of *Amaker v. New,* 33 S. C., 35, *supra,* is so entirely conclusive of this question that we need not consider it further."

This Court knows of no reason for disturbing a decision that is so manifestly just. The other questions are yet to be determined.

II. The last assignment of error is exception 3:

"Because his Honor erred in requiring the sheriff to levy upon and sell property of the judgment debtor, who is the head of a family, without first setting off to him a homestead, the same being in violation of the provisions of the Constitution of South Carolina, Art. 3, § 28, and also the provisions of the Code of South Carolina, Vol. 1, § 3721."

This exception cannot be sustained. It does not appear in the record that D. Sams is the head of a family, and entitled to a homestead. If he is the head of a family, he still may not be entitled to claim it against his wife's claim for support. The homestead is not for the use of a man simply because he is a married man with children. The

homestead· is for the benefit of the family. So clearly is this true that, under our Constitution, after a homestead is once set off, the head of a family cannot convey it or mortgage it unless his wife joins in the conveyance or mortgage. If D. Sams be not the head of a family, then his homestead is very much restricted and land is not within his exemption. It is manifest that the final result depends upon facts that are not in this case. This exception is overruled.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICE COTH-RAN and MARION concur.