### COHEN v. GOLDBERG *ET AL.*

(142 S. E., 36)

1. APPEAL AND ERROR—MASTER'S FINDINGS, CONCURRED IN BY CIRCUIT JUDGE, WILL BE SUSTAINED BY SUPREME COURT, UNLESS AGAINST CLEAR PREPONDERANCE OF EVIDENCE OR WITHOUT EVIDENCE TO SUSTAIN THEM.—Findings of fact by Master, concurred in by Circuit Judge, will be sustained by Supreme Court, unless it is shown that they are against clear preponderance of evidence or without any evidence to sustain them.

2. TRUSTS—WHERE TRUST WAS CREATED BY DEED EXECUTED CONTEMPORANEOUSLY WITH PURCHASE-MONEY MORTGAGE, MORTGAGE WAS NOT IMPRESSED WITH TRUST.—Where S. furnished $1,575 cash payment on land, for which deed was executed to him as trustee for a minor so that trust was created by deed, and S., as trustee, executed purchase-money mortgage for balance of purchase price as part of same transaction, mortgage to vendor through whom plaintiff in suit for specific performance claimed title as result of foreclosure proceedings was not impressed with trust in favor of minor.

3. SPECIFIC PERFORMANCE—VENDOR HELD ENTITLED TO SPECIFIC PERFORMANCE OF LAND CONTRACT BY PURCHASER, WHERE THERE WERE NO INCUMBRANCES AND VENDOR HAD GOOD TITLE.—Where purchaser refused to comply with land contract on ground that vendor's title was defective, vendor, who acquired title as result of foreclosure proceedings based upon purchase-money mortgage executed by trustee, *held* entitled to specific performance, where it was not shown that there were any incumbrances on property or that trustee or minor had any title to or interest in premises.

Before GRIMBALL, J., Charleston, January, 1927. Affirmed.

Suit for specific performance of land contract by Ansley D. Cohen against Israel Goldberg and others. From the judgment, defendant named appeals.

*Messrs. Shimel & Rittenberg,* for appellants, cite: *Deed obtained in a foreclosure proceeding based on a mortgage executed by trustee without authority did not convey good title:* 2 S. C., 239; 11 S. C., 29; 19 S. C., 238; 25 S. C., 340; 112 S. C., 402. *No competent evidence to support*

*finding that the money used to purchase the property did not constitute a pre-existing trust fund:* 86 N. E., 417; 19 W. Va., 604.

*Messrs. Waring & Brockinton,* for respondent, cite: *Questioned validity of plaintiff's title has no force whatsoever under authorities cited by appellant:* 2 S. C., 239; 11 S. C., 29. *Trustee had authority to make mortgage:* 112 S. C., 402.

March 1, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On June 8, 1926, the plaintiff, through his agents, entered into a contract with the defendant Goldberg, for the sale to Goldberg of the premises known as 35 Spring Street, in the City of Charleston. Goldberg subsequently refused to comply with the contract on the ground that the plaintiff's title was defective, whereupon this suit was commenced by the plaintiff to compel specific performance.

After suit was begun, an order was obtained from Judge Grimball, requiring that John P. Sullivan, as trustee of Mary Elizabeth Miller, minor, and Mary Elizabeth Miller, minor, be made parties defendant to the proceeding. This was done, as set out in the agreed statement of fact, "in order that the record might show the authority of the said John P. Sullivan, as trustee for Mary Elizabeth Miller, minor, to execute the purchase-money mortgage given by the said trustee to F. K. Myers, Master, through whom the plaintiff secured title to the premises involved, as a result of the foreclosure proceedings based upon the said purchase-money mortgage, and further that the record might show the terms of the trust."

The plaintiff accordingly amended his complaint, making the trustee and the minor defendants as required. The trustee defaulted in answering; and, the minor having failed

to apply for the appointment of a guardian ·*ad litem,* the Master, upon application of plaintiff's attorney, appointed such guardian,·who filed an answer submitting the minor's rights to the protection of the Court.

By his amended complaint, the plaintiff alleged the making of the contract in question and the failure of the appellant to comply therewith. As to the trust and purchase-money mortgage above referred to, he alleged, upon information and belief:

"That the said trust was created as part of the transaction by which the premises were conveyed to the said John P. Sullivan, as trustee for Mary Elizabeth Miller, minor, by the said F. K. Myers, Master, and that the cash portion of the purchase money paid by such trustee for such minor to the said Master at the time of the execution of the purchase-money mortgage was obtained by such trustee for such minor for that particular purpose, and did not constitute pre-existing trust funds, and that these facts were known to the Master at the time of the execution of his conveyance to the said John P. Sullivan, as trustee for Mary Elizabeth Miller, minor, and the execution of the said purchase-money mortgage by the said Sullivan as trustee for the said minor, and that the said transaction bore no taint or fraud of the improper investment of trust funds."

The defendant Goldberg, answering, admitted having entered into the contract referred to, but denied any knowledge or information sufficient to form a belief as to the material allegations of the complaint. He alleged that he was ready and willing to take title to the premises as soon as it was established by a final decree in this action that the plaintiff has a good and marketable title to the premises, that the same are not incumbered, and that the trustee and minor have no interest therein.

The case was referred to H. W. Mitchell, one of the Masters of Charleston County. In his report, the Master made the following findings of fact, *inter alia*:

"The premises in question were sold, under foreclosure proceedings, by Master F. K. Myers, in *South Carolina Loan & Trust Company v. John J. Miller et al.,* January 14, 1922, to H. L. Wilensky, agent, for $5,075; bid having been made by him at the request of John P. Sullivan, a brother of Mrs. Elizabeth Miller, one of the defndants in that proceeding.

"There being judgments against both John J. Miller and his wife, Mrs. Elizabeth Miller, John P. Sullivan wishing to save the premises as a home for his sister, took title to himself, as trustee for Mary Elizabeth Miller, a minor daughter of John J. Miller and his wife, Mrs. Elizabeth Miller, paying $1,575 in cash, and giving a bond, secured by a purchase-money mortgage, to Master F. K. Myers, for the balance of the purchase money, $3,500, as an accommodation to the purchaser, who had arranged a loan with Vincent Chicco, Jr., to whom the bond and mortgage were immediately sold and assigned, by the Master at face value, so as to treat the whole as a cash transaction, to comply with the terms of decree under which the property was sold.

"No such trust existed at the time of the transaction above mentioned, John P. Sullivan himself or through other sources having raised the cash portion of the purchase money necessary to carry through his purchase, and there was no investment of trust funds held by him for any other purpose.

"The purchase-money mortgage was not impressed with any trusts whatsover.

"Vincent Chicco, Jr., acquired the bond and mortgage, by assignments of Master F. K. Myers.

"Default having been made by John P. Sullivan, trustee, in not meeting the terms of the bond, the mortgaged property was sold under foreclosure proceedings brought by *Vincent Chicco, Jr., v. John P. Sullivan, as trustee for Mary Elizabeth Miller, Minor, and Mary Elizabeth Miller, Minor,* and was bought in for $3,700, by the plaintiff's at-

torneys, who assigned the same to Ansley D. Cohen, to whom the Master made title, upon his compliance with the terms of sale, on September, 23, 1925."

The Master, after stating these findings of fact, made the following recommendations:

"That the prayer of the complaint be granted, that the defendants John P. Sullivan, trustee, and Mary Elizabeth Miller, minor, be held to have no further right, title, or interest in and to the premises involved in this proceeding, and that specific performance be decreed against the defendant Israel Goldberg."

On exceptions by the defendant Goldberg, the matter was heard by his Honor, Judge Grimball, who sustained the report in all particulars and adopted the master's recommendations as the judgment of the Court below.

The defendant Goldberg appeals to this Court. The main question raised by the exception is: Did the Circuit Court err in holding that no trust existed at the time of the execution of the deed by the Master, F. K. Myers, to John P. Sullivan, as trustee of Mary Elizabeth Miller, minor, and that the mortgage made to the Master by such trustee, at the time of the execution of the deed, was not impressed with a trust in favor of the minor?

The appellant contends that the findings of fact by the Master, which were concurred in by the Circuit Judge, that there was no pre-existing trust at the time of the execution of the deed by the Master, F. K. Myers, to Sullivan, as trustee, and that the mortgage executed by the trustee in favor of the Master was not impressed with a trust, are not supported by the evidence in the case, but that the contrary is shown by the testimony, and that the Court below, in adopting these findings, committed reversible error.

The findings of facts by the Master, concurred in by the Circuit Judge, will be sustained by this Court unless it is shown that they are against the clear

preponderance of the evidence or without any evidence to sustain them. *Barrett v. Cochran,* 11 S. C., 29; *Miller v. Smith,* 103 S. C., 307; 88 S. E., 354.

The testimony taken in the case showed that the trust was created by the deed itself executed by the Master in favor of Sullivan, as trustee, and that the mortgage given by Sullivan, as such trustee, to the Master, contemporaneously with the execution of the deed, to secure a portion of the purchase price of the property, was a part of the same transaction. The testimony further showed that the sum of $1,575, used by Sullivan in payment of part of the purchase price of the property, was not a pre-existing trust fund, but was furnished by Sullivan himself, from funds belonging to him derived from other sources, to supplement the loan of $3,500 which had been secured on the property, in order that he might be able to comply with his bid and accomplish his purpose of saving the home for his sister and her family. No testimony was offered with respect to these matters to show the contrary; the findings of fact by the Master were amply justified by the evidence.

In the case of *Barrett v. Cochran,* 8 S. C., 48, where the facts were similar to the facts of the present case, and where a trust was created by a deed, and a mortgage was executed by the trustee at the same time to secure a part of the purchase money, as in the present case, the Court said:

"The trust must be considered as created by the deed to Barrett [Sullivan in this case], which must be construed together with the mortgage as contemporary acts. The burden on the trust estate was, under this view, created by the very act calling the trust into existence, and its imposition must be deemed consistent with the purposes of the trust."

We think that this case is conclusive of the present case. See, also, *Barrett v. Cochran,* 11 S. C., 29; *Elliott v. Mackorell,* 19 S. C., 238.

In the *Elliott case, supra,* we find (quoting syllabus) :

"For a trustee to apply money then impressed with a trust in part payment for land, and to give mortgage for balance due, would be a breach of trust. *Mathews v. Heyward,* 2 S. C., 239. Not so, however, when the trust is created by the deed executed contemporaneously with the mortgage. *Barrett v. Cochran,* 8 S. C., 49, and 11 S. C., 35."

If it had been shown that Sullivan used a pre-existing trust fund in part payment of the premises, and gave a mortgage on the premises for the unpaid balance, such action on his part would have been a breach of trust.

As it has not been made to appear that there are any incumbrances upon the property, or that the defendant John P. Sullivan, as trustee of Mary Elizabeth Miller, minor, and Mary Elizabeth Miller, minor, have any title to or interest in the premises in question, no good reason has been shown why the appellant Goldberg should not be required to specifically perform his contract.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and CARTER and MR. ACTING ASSOCIATE JUSTICE THURMOND concur.