12642

KAMINSKI HARDWARE CO. *ET AL.* v. HOLDEN TRUNK & BAG CO. *ET AL.*

(147 S. E., 874)

*Mr. J. J. Cantey,* for appellants,

*Messrs. Dinkins & Stukes,* for respondent,

April 15, 1929.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This appeal really involves but one question, namely, Is W. H. Garland entitled to a homestead exemption in real estate? If he is, the judgment of the lower Court should be affirmed. If he is not, it should be reversed.

Garland is unmarried and resides with his mother in the house and upon the land owned by his mother.

He claims that he is the head of a family under the constitutional and statutory provisions which allow a homestead exemption in real estate to such head of a family. The referee, to whom the matter was referred, and the Circuit Judge, have both found that said Garland was the head of a family. This finding is amply supported by the testimony. "The findings of facts by the Master, concurred in by the Circuit Judge, will be sustained by this Court unless it is shown that they are against the clear preponderance of the evidence or without any evidence to sustain them. *Barrett v. Cochran,* 11 S. C., 29; *Miller v. Smith,* 103 S. C., 307, 88 S. E., 354." *Cohen v. Goldberg,* 144 S. C., 70, 142 S. E., 36.

If Garland is, as a matter of fact, the head of a family, as that term is used in law relating to homestead, then he is entitled, as a matter of law, to homestead

exemption, and the fact that he resided in the house and up-- on the land of his mother will not of itself preclude him from claiming homestead. *Moyer v. Drummond,* 32 S. C., 165, 10 S. E., 952, 7 L. R. A., 747, 17 Am. St. Rep., 850.

The judgment of the lower Court is affirmed.

Mr. Chief Justice Watts and Messrs. Justices Stabler and Carter concur.

Mr. Justice Cothran (dissenting) : This case presents a controversy between a mortgagee of real estate and judgment creditors whose liens are prior in date to that of the mortgagee.

The contention of the mortgagee is that as the mortgagor, at the time of the rendition of the judgments against him, was the head of a family, entitled to a homestead in real estate to the extent of $1,000, and as the property afterwards mortgaged was of less value than $1,000, the judgments were never liens upon it, and that consequently the mortgagee is entitled to foreclosure and to the proceeds of the sale regardless of the priority in date of the judgments.

It is settled by the case of *Cantrell v. Fowler,* 24 S. C., 424, that a judgment against a debtor constitutes no lien upon his land which is exempt from levy and sale under the homestead law, whether it has been admeasured and set off for a homestead or not. This case has been reaffirmed in a dozen cases, reference to which may be found in Sheppard's Citations at page 120.

So that the point at issue is whether or not, at the time of the rendition of the judgments which antedated the mortgage, the judgment debtor was the head of a family entitled to a homestead exemption. It appears that he owned no other real estate than that covered by the mortgage and that it was worth less than $1,000.

The facts appear to be conceded that the debtor was a young man of 29 years, unmarried, and lived with his mother, a widow, upon her plantation of about 200 acres; that the plantation was under the management of a brother of the debtor; that he, the debtor, contributed to the ex-

penses of the household in return for his room and board; that he furnished the various articles constituting the household expenses, except of course the produce on the farm, garden, and poultry yard.

I do not think that the issue thus presented is one of fact, subject to the rule cited by Associate Justice Blease (with which rule, in passing, I may say that I do not agree), but *a question of law* from conceded facts. Certainly as to such issues this Court is not controlled by the rule stated.

In *Moyer v. Drummond*, 32 S. C., 165, 10 S. E., 952, 7 L. R. A., 747, 17 Am. St. Rep., 850, the Court said: "The question whether one is the 'head of a family,' in the sense of that phrase, as used in the homestead law, is a question of law, to be determined from a consideration of the facts in a given case."

It seems to me that the evidence is entirely insufficient to justify the conclusion that the debtor was the head of that family. He testified that there was no agreement between him and his mother in reference to his board and lodging; that he formerly roomed at his store, but that when his brother married his mother was alone and wanted him to come and sleep in the house, and that what he did in the way of household expenses furnished was in lieu of his board and lodging. It does not appear that he had the slightest authority upon the place, which was owned by his mother and operated by his elder brother, who was in fact more the head of the family than he was. I do not suppose that if the mother had occasion to claim a homestead exemption there would be the slightest ground for denying to her the position of head of the family. If so, it is unreasonable to assume that there were two heads. I do not fancy the attitude of parties whose relations are shifted according to the exigencies of the occasion—particularly in a case where the claim of homestead is not made by the debtor but by a mortgagee who took his mortgage with knowledge of the judgments open against the mortgagor.

In *Moyer v. Drummond,* 32 S. C., 165, 10 S. E., 950, 7 L. R. A., 747, 17 Am. St. Rep., 850, the Court said: "The accepted definition of the word 'family,' as given by lexicographers, and approved in many cases, seems to be, 'The collective body of persons who live in one house, *under one head or manager.*' " I imagine that there would be little controversy as to who was the "head and manager" of that good woman's establishment.

In *Ex parte Sams,* 126 S. C., 245, 119 S. E., 798, it was held that "the homestead is not for the use of a man simply because he is a married man with children," but "the homestead is for the benefit of the family." The adjudication of a homestead in favor of the debtor, in this case, would be of small benefit to the family of which it is claimed that he is the head.

I concede that if the present case could be brought within the case of *Scott v. Mosely,* 54 S. C., 375, 32 S. E., 450, where a son lived with his widowed mother and afflicted brother devoting all his time and money to the support and maintenance of them and the home, which *he managed and owned,* there would be good reason for holding that the debtor was the head of a family.

I think therefore that the decree should be reversed and the case remanded to the Circuit Court for such orders as may be consistent with the foregoing conclusions.