14443

## FIRST CAROLINAS JOINT STOCK LAND BANK OF COLUMBIA v. KNOTTS

(190 S. E., 114)

July, 1936.

*Mr. S. B. Knotts, Jr.,* for appellant.

*Mr. J. E. Belser,* for respondent,

March 2, 1937.

The opinion of the Court was delivered by Mr. Justice Baker.

On February 17, 1925, the appellant, Shingler B. Knotts, executed and delivered to the respondent, the First Carolinas Joint Stock Land Bank of Columbia, a mortgage covering a tract of land, consisting of 912 acres, more or less, situate in Orangeburg County. The note and mortgage was for the principal sum of $20,000.00, with interest at 6 per cent. per annum, principal and interest being payable on an amortization plan of 66 semiannual installments on the first day of each June and December until paid in full, 65 installments, each maturing for the sum of $700.00, and the last, or 66th, for the sum of $584.00. Contained in the mortgage is a clause, and out of which clause the question at issue arises, whereby the mortgagor, Knotts, assigned all of the rents, issues, profits, and crops from the said mortgaged premises for each and every year that any installments remain unpaid, and further agreed that upon the filing of foreclosure suit, or at any time thereafter, the mortgagee shall be entitled to have a Receiver appointed to take charge of the mortgaged premises and the rents, issues, profits, and crops arising therefrom during said foreclosure proceedings, subject to the order and direction of the Court.

Foreclosure proceedings were commenced in June, 1936, the respondent alleging that, with the exception of $696.63 paid on the installment for December 1, 1931, the balance of the installment for December 1, 1931, and all installments maturing semiannually thereafter were unpaid and in default, as well as the taxes for the years 1928 to 1935, in the aggregate amount of about $3,500.00, the respondent also asking for the appointment of a Receiver to take charge of the mortgaged premises, and the rents, issues, profits, and crops arising therefrom during said foreclosure proceedings.

The motion for an order appointing a Receiver was heard before Judge M. M. Mann, on July 13, 1936, the appellant opposing said motion upon the premise that it was inequitable and unjust to require the appellant to pay respondent rent, or to appoint a Receiver.

Judge Mann referred the question of the rental value to Honorable H. H. Moss, County Judge, as Special Referee, who took testimony, and on July 25, 1936, filed his report, finding the sum of $1,350.00, at $3.00 per acre for the plantation and buildings, as a reasonable rental value of the property for the year 1936. The appellant excepted to the Special Referee's report, raising three exceptions, which exceptions may be stated as one, to wit, that the Special Referee should have found the reasonable rental value of the land to be $2.00 per acre, instead of $3.00 per acre, there being no evidence of probative value produced by respondent to justify a finding by the Special Referee that the reasonable rental value is $3.00 per acre.

Before appellant's exceptions from the Special Referee's report had been made and filed, and within the time allowed for appellant to except from said report, Judge Mann issued his order of July 31, 1936, approving the recommendations and findings of the Special Referee. Upon motion of appellant, Judge Mann reconsidered the report of the Referee, again approving and confirming the report, and the order of July 31, 1936, by his order of October 16, 1936. Although Judge Mann issued his first order confirming the Referee's report on July 31, 1936, and within the time allowed by law for appellant to except to said order, any error thereabout was amply corrected by the reconsideration of the report, upon motion of the appellant, on October 16, 1936, and the exceptions pertaining thereto are overruled.

It is the contention of the appellant that the Special Referee should have found the reasonable rental value of the premises not exceeding the sum of $2.00 per acre for the land under cultivation, there being 450 acres of such land, whereas, the Referee found the reasonable rental value to be the sum of $3.00 per acre, and this finding was approved and confirmed by Judge Mann.

It is the settled law in this State that in an equity case findings of fact by a Master or Special Referee, concurred in by a Circuit Judge, will not be disturbed on appeal unless it be shown that such findings are without any evidence to support them or are against the clear preponderance of the evidence. *Austin v. Goddard,* 164 S. C., 20, 161 S. E., 767, 769; *Youmans v. Youmans,* 128 S. C., 31, 121 S. E., 674; *Cohen v. Goldberg,* 144 S. C., 70, 142 S. E., 36; *Kaminski Hardware Co. v. Holden Trunk & Bag Co.,* 150 S. C., 244, 147 S. E., 874.

The query in this case is whether or not the respondent produced any evidence of probative value establishing the reasonable rental value of the land at $3.00 per acre. In the determination of the reasonable rental value of a tract of land in a particular locality, the evidence or testimony of witnesses living in the locality, familiar with the land in question, and possessing knowledge of the rental values of lands in said area, obtained through experience in buying, selling, or renting lands in the locality, are of greater probative value than those witnesses who profess a general knowledge of land and rental values thereof, obtained through appraising, buying, selling, and renting of lands over a wide area, but are not familiar with conditions that exist in the locality in question, or of the particular tract of land.

The absence of any testimony of probative value upon the part of respondent's witnesses, establishing the reasonable value of the land in question at $3.00 per acre, is apparent from the record. The respondent's testimony on this point consisted of two witnesses, Rembert, appraiser for the Farm Credit Administration for the Third Land Bank District, and A. M. Brabham, field representative of the First Carolinas Joint Stock Land Bank.

Mr. Rembert testified, upon direct examination, that he was familiar with the 912 acres of land, estimating the rental value thereof approximately $3.50 per acre, or $1,600.00

per year. On cross-examination Mr. Rembert stated that for the last four years he had not rented any lands for himself or for the Federal Land Bank, and knew of no lands the Federal Land Bank had rented in the preceding four years in Orangeburg or Lexington counties, and that the renting of lands is not in his department.

Mr. Brabham estimated the rental value of the land at $1,800.00 per year, and, while professing knowledge of rental and farm values, yet, on cross examination this witness stated that for the Joint Stock Land Bank he does not rent any lands in Orangeburg County, and that he estimated the rental value of this tract of land at $1,800.00 per year by asking farmers in the community about the rental value and by information obtained from J. E. Hydrick, who also works for the Federal Land Bank. The respondent did not offer any of the farmers or Mr. Hydrick as witnesses in its behalf.

The appellant offered in his behalf the testimony of men who had lived in the community since they were children, who had been renting lands in the community for a long number of years, and who are familiar with the conditions existing in the community and the tract of land in question. The highest rental value for lands in this community was estimated to be $2.50 per acre; however, this rental value was for small tracts of land. A large tract of land, such as the land in question, would not have as high a rental value per acre as a small tract of land, due to the self-evident fact, and so testified to by appellant's witnesses, that the larger the acreage of land the greater the expense of the farming operations. The highest reasonable rental value placed upon the land by the appellant's witnesses was the sum of $2.00 per acre.

Mr. J. M. Brailsford, appellant's witness, for thirty years has been engaged in the real estate business in Orangeburg County, buying and selling land, farming, renting, and managing it. Mr. Brailsford, through his long and extensive

experience in land transactions in Orangeburg County, estimated the reasonable rental value of the tract of land not to exceed $2.00 per acre. Mr. Brailsford referred to several instances wherein he attempted to rent large tracts of land, equally as good as the appellant's tract of land, and in order to rent the land he was forced to cut the tracts into smaller tracts, the highest rental value received amounting to the sum of $2.00 per acre.

The testimony as to the restrictions by the federal government on cotton acreage, and the price paid per acre therefor, is of no value in the determination of the reasonable rental value of the land, for the reason that it is not shown the factors taken into consideration by the federal government in determining the acreage valuation, and the figures produced are excessive, insofar as the rental value is concerned, and in sharp conflict to the highest price per acre testified to by the appellant's witnesses. The testimony also shows that lands so "rented" to the government for cotton production control, consisted of only a small part of the particular tract of land about which the witness was being questioned, entirely in line with appellant's testimony that the smaller the acreage, the greater the rental value.

The Court is reluctant to reverse or modify a Special Referee's report which has been concurred in by a Circuit Judge, but in this case the Referee's finding that the reasonable rental value of the land in question is $3.00 per acre or the sum of $1,350.00 for the year 1936, is not supported by any evidence of probative value, and is *contra* to the clear preponderance of the testimony. All evidence of any probative value fixes the reasonable rental value at $2.00 per acre, or the sum of $900.00 for the year 1936. Therefore, the report of the Special Referee, and the order of Judge Mann confirming the report, is modified to the extent of reducing the rental value to the sum of $2.00 per acre, or the sum of $900.00 for the year 1936.

The appellant also excepts to that portion of the Referee's report, and the order confirming same, that requires the payment of rent prior to the commencement of foreclosure proceedings. The terms of the mortgage assigned the rents for "each and every year" that any installment remained unpaid. Foreclosure proceedings were commenced in June, 1936, but it is admitted that the installments due for the year 1936 were not paid. This exception is without merit and is overruled.

The judgment of the Circuit Court, confirming the Special Referee's report, is hereby affirmed, except as modified herein.

Messrs. Justices Bonham and Fishburne concur.

Mr. Chief Justice Stabler concurs in result.

Mr. Justice Carter disqualified.