## 16769
### NEWTON v. BATSON
(77 S. E. (2d) 212)

*Messrs. Williams and Henry,* of Greenville, *for Appellant,*

*Messrs. Wyche, Burgess & Wyche* of Greenville, *for Respondent,*

548

August 3, 1953.

PER CURIAM.

In this action, the respondent seeks to have lot No. 97, shown on a plat designated as "Crescent Terrace, property of Poinsett Realty Company in and adjoining Greenville, South Carolina," dated July, 1919, and recorded in the office of the Register of Mesne Conveyances for Greenville County on August 10, 1919, and which lot adjoins the lot on which respondent's home is situate, declared to be a park, and to restrain appellant from making any use of said lot inconsistent with its use as a park, and to require the appellant to remove all structures which she had placed thereon.

The appellant is claiming the lot in controversy as her private property under deed dated January 11, 1951, from Louis Sherfese, *et al.,* as liquidating trustees of Poinsett Realty Company.

Issue having been joined, the case was referred to the Master in Equity of Greenville County to take the testimony and hear and determine all issues of law and fact, with leave to report any special matters. Pursuant thereto, testimony was taken and exhibits received, following which the Master filed a lengthy Report which evinces his usual thought and study of the facts and the governing law in cases referred to him, the concluding paragraph of his Report reading as follows:

"In view of the foregoing, it conclusively appears that the plaintiff has a special property interest in Lot No. 97 in the park or beautified area and is entitled to the relief sought. Plaintiff is entitled to a declaratory judgment that Lot No. 97 is a park area for the use of property owners in said subdivision and for an order requiring the defendant to remove all posts, fences and other structures and an injunction re-

straining the defendant from making any use of Lot No. 97 inconsistent with its use as a park."

Upon exceptions to the Master's Report, the Judge presiding in that Circuit, after argument by counsel representing the respective litigants, affirmed same in a well considered order.

"It is the settled law of this State that in an equity case findings of fact by a master concurred in by a circuit judge will not be disturbed on appeal unless it is shown that such findings are without any evidence to support them or are against the clear preponderance of the evidence." (Citing cases.) *Austin v. Goddard,* 164 S. C. 20, 25, 161 S. E. 767, 769. See also, *First Carolinas Joint Stock Land Bank of Columbia v. Knotts,* 183 S. C. 68, 190 S. E. 114; *Phipps v. Phipps,* 216 S. C. 248, 57 S. E. (2d) 417, 16 A. L. R. (2d) 1426; *Archambault v. Sprouse,* 218 S. C. 500, 63 S. E. (2d) 459.

We have carefully studied the record and find that the facts and the applicable law amply support the holdings of the Master, concurred in by the Circuit Judge, and that therefore the judgment appealed from will have to be affirmed.

All exceptions are overruled.

BAKER, C. J., and FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.