223 S.C. 545 (1953)
77 S.E.2d 212
NEWTON
v.
BATSON.
16769
Supreme Court of South Carolina.
August 3, 1953.
*546 Messrs. Williams and Henry, of Greenville, for Appellant.
Messrs. Wyche, Burgess & Wyche of Greenville, for Respondent.
*547 The Order of Judge Greneker requested to be reported follows:
This matter comes before me upon defendant's Exceptions to the Master's Report dated December 2, 1952, recommending the relief sought by the plaintiff. On February 3, 1953, I heard arguments of counsel and have carefully considered the record in the case.
On August 10, 1919, there was filed in the Register of Mesne Conveyances for Greenville County in Plat Book E at Page 137, a plat of a subdivision designated as "Crescent Terrace, Property of Poinsett Realty Company." Plaintiff and defendant both purchased residential lots according to this plat many years ago. There are several small lots of triangular shape distinguished from the remaining lots by ink markings or stippling. One of these lots, No. 97, the subject of this suit, adjoins plaintiff's lot on which his home stands.
More than 25 years ago the Poinsett Realty Company, was liquidated, having disposed of all of the property shown on the plat except the triangular lots. On January 11, 1951, the defendant purchased Lot No. 97 from the liquidating trustees of Poinsett Realty Company and shortly thereafter erected a steel post and wire fence around this lot. The plaintiff thereupon instituted this suit seeking an order to require the defendant to remove the fence and to restrain the defendant from making any use of said lot inconsistent with its use as a park or beautified area; the plaintiff also sought a declaratory judgment declaring the lot to be a park or beautified area. The plaintiff's position is that the triangular lots *548 were marked and intended as park or beautified areas for the benefit of the other lots of the subdivision, and that as an owner of property abutting on one of these triangular lots, plaintiff has a special property interest entitling him to preserve the use of the property as a park or beautified area.
The Master found as a fact that Lot No. 97 was intended and used as a park or beautified area for more than 25 years and that the defendant had notice of this fact. The Master further found that the plaintiff gave timely notice of his claim to the defendant and concluded as a matter of law that the plaintiff was entitled to the relief sought.
The defendants seasonably served Exceptions to the Master's Report setting forth eleven alleged grounds of error. Rather than consider them seriatim the points raised by them will be considered together in this Order.
There is abundant testimony and evidence that Lot No. 97 was intended and used as a park or beautified area. The plat showing the subdivision was examined by me and it is apparent, both from the markings on the lot as well as from the size of the lot, that it was not intended for a residential lot but was intended for some special purpose. Lawyers expert in the field of title work testified as to the special significance of the markings. There is the testimony of numerous residents of the community as to the representations made by real estate agents handling the sale of the lots in the subdivision and as to the use to which Lot No. 97 was put over a period of more than 25 years. The fact that the corporation owning the subdivision went into liquidation more than 25 years before attempting to dispose of Lot No. 97 indicates that the corporation considered that it was not saleable. The fact that the defendant herself treated and referred to the lot as a park area is persuasive evidence. The Master's Findings of Fact is abundantly sustained by the evidence.
The defendant takes exception to the testimony regarding representations of the real estate agents basing his objection on the parol evidence rule. Defendant *549 cites Drake v. Drake, 148 S.C. 147, 145 S.E. 705, Greene v. Mobley, 112 S.C. 275, 99 S.E. 814, and other cases for the familiar rule that parol evidence is not admissible to contradict the terms of a written contract or deed. While this rule is universally recognized, it has no application to the testimony in the case at Bar; in this case, the testimony as to the representations of the real estate agents is simply some evidence of the intention of the developers of the subdivision. Testimony as to representations of real estate agents who were named on the recorded plat as the agents is competent to show what was meant by the markings on Lot No. 97. Furthermore, the Master did not base his decision on this testimony alone, but independent of this evidence reached his conclusion on other evidence which clearly showed that Lot 97 was intended as a park area.
Defendants Exceptions attack the conclusion of law of the Master especially with regard to the property interest which the plaintiff has. These exceptions have no merit in view of the cases of Billings v. McDaniel, 217 S.C. 261, 60 S.E. (2d) 592 and Cason v. Gibson, 217 S.C. 500, 61 S.E. (2d) 58. The defendant makes a point of the fact that there was never any acceptance of the public authorities of the lot in dispute. This fact is not controlling as to the plaintiff's rights.
"* * * This being the law, the land owner, when he lays off his land into lots, streets, and alleys, and has the same platted, and then sells lots with reference to the map thereof, must be presumed to know that he thereby dedicates such streets and alleys to the use of such lot owners and the public; and the rights of the lot owner are not to wait in abeyance until the public authorities see fit to accept and take charge of such streets and alleys, but he is at once entitled to have all such streets and alleys opened for his use, necessary to the enjoyment of his property. All such streets and alleys must be considered as appurtenant thereto, for they begin at his property and extend in a network all over the *550 land platted." Billings v. McDaniel, supra, 217 S.C. at page 265, 60 S.E. (2d) at page 594. (Emphasis added.)
"Cases from many jurisdictions are collected in the annotation and it appears that universally where a conveyance of realty described the property sold by reference to a plat upon which streets, alleys, squares and parks are shown, an easement therein is generally implied for the benefit of such lots as actually abut on such streets, alleys and parks even though they are dedicated to public use * * *.
"Persons owning lots fronting on or adjacent to property dedicated as public parks or squares, or streets, highways, and the like, have such special property interests as entitle them to maintain a suit for the enforcement and preservation of the use of the property as such. This right is not affected by the fact that the dedication has never been accepted by the municipal authorities." Cason v. Gibson, supra, 217 S.C. at pages 508, 509, 510, 61 S.E. (2d) at page 62.
It, therefore, appears that all of the Exceptions to the Master's Report should be overruled and the Master's findings of fact and conclusions of law affirmed.
Now, Therefore, It Is Ordered, Adjudged and Decreed:
1. That the Master's Report dated December 2, 1952, be and the same is hereby affirmed in all respects, and the findings of fact and conclusions of law adopted and incorporated into this Order as though fully set forth herein.
2. That within thirty (30) days from the filing of this Order, the defendant be and she is hereby required to remove from Lot No. 97 any and all posts, fences and other structures thereon placed by her or her agents.
3. That the defendant be and she is hereby restrained and permanently enjoined from interfering with the plaintiff's rights, use and enjoyment of Lot No. 97 as a park or beautified area.
4. That the defendant be and she is hereby restrained and permanently enjoined from making any use of Lot 97 inconsistent with its use as a park or beautified area.
*551 5. That said Lot No. 97 be and it is hereby declared to be a park or beautified area for the use of property owners in the subdivision hereinabove referred to.
6. That the defendant shall pay the costs of this action.
August 3, 1953.
PER CURIAM.
In this action, the respondent seeks to have lot No. 97, shown on a plat designated as "Crescent Terrace, property of Poinsett Realty Company in and adjoining Greenville, South Carolina," dated July, 1919, and recorded in the office of the Register of Mesne Conveyances for Greenville County on August 10, 1919, and which lot adjoins the lot on which respondent's home is situate, declared to be a park, and to restrain appellant from making any use of said lot inconsistent with its use as a park, and to require the appellant to remove all structures which she had placed thereon.
The appellant is claiming the lot in controversy as her private property under deed dated January 11, 1951, from Louis Sherfese, et al., as liquidating trustees of Poinsett Realty Company.
Issue having been joined, the case was referred to the Master in Equity of Greenville County to take the testimony and hear and determine all issues of law and fact, with leave to report any special matters. Pursuant thereto, testimony was taken and exhibits received, following which the Master filed a lengthy Report which evinces his usual thought and study of the facts and the governing law in cases referred to him, the concluding paragraph of his Report reading as follows:
"In view of the foregoing, it conclusively appears that the plaintiff has a special property interest in Lot No. 97 in the park or beautified area and is entitled to the relief sought. Plaintiff is entitled to a declaratory judgment that Lot No. 97 is a park area for the use of property owners in said subdivision and for an order requiring the defendant to remove all posts, fences and other structures and an injunction restraining *552 the defendant from making any use of Lot No. 97 inconsistent with its use as a park."
Upon exceptions to the Master's Report, the Judge presiding in that Circuit, after argument by counsel representing the respective litigants, affirmed same in a well considered order.
"It is the settled law of this State that in an equity case findings of fact by a master concurred in by a circuit judge will not be disturbed on appeal unless it is shown that such findings are without any evidence to support them or are against the clear preponderance of the evidence." (Citing cases.) Austin v. Goddard, 164 S.C. 20, 25, 161 S.E. 767, 769. See also, First Carolinas Joint Stock Land Bank of Columbia v. Knotts, 183 S.C. 68, 190 S.E. 114; Phipps v. Phipps, 216 S.C. 248, 57 S.E. (2d) 417, 16 A.L.R. (2d) 1426; Archambault v. Sprouse, 218 S.C. 500, 63 S.E. (2d) 459.
We have carefully studied the record and find that the facts and the applicable law amply support the holdings of the Master, concurred in by the Circuit Judge, and that therefore the judgment appealed from will have to be affirmed.
All exceptions are overruled.
BAKER, C.J., and FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.